WASHINGTON UNION INSURANCE CO., Plaintiffs in Error,

*vs.*

WILSON & WILSON, Defendants in Error.

ERROR TO THE COUNTY COURT OF MILWAUKEE COUNTY.

In an action on a policy of insurance, where the defence set up was that the assured set fire to the building insured, and it was held that the rule of evidence was not, as on an indictment for arson, that the jury must be satisfied of the guilt of the party beyond a reasonable doubt.

An action on a policy of insurance is a civil action, and though the defense set up be, that the plaintiff set fire to the building insured, the rule of evidence is the same as in other civil actions, and the jury may find the issue upon the weight or preponderance of evidence.

This was an action brought by the defendants in error against the plaintiffs in error, upon a policy of insurance. The main ground of defence in the court below was, that the plaintiffs below, themselves set fire to the property insured. To establish this defence, a great mass of evidence was produced on the trial, but the principal error relied upon to reverse the judgment (which was for the plaintiffs below), is assigned upon the following instruction of the judge to the jury.

And the defendant further asked the court to instruct the jury " that if the weight of testimony shows that the fire was set by the plaintiffs, or one of them, that it entitles the defendant to a verdict," which instruction the court refused to give, and to which said refusal of the court the defendants excepted. But the court did charge the jury " that the defence set up constituted a criminal offence, and that although this was a civil action, yet from the nature of the defence—it being what would constitute a crime—they must

be satisfied from the evidence beyond a reasonable doubt; that the evidence should be as clearly and satisfactorily to prove the defendants' case, as if the plaintiffs were on trial upon an indictment for arson," to which said instruction of the said court the defendants excepted.

*Finches, Lynde & Miller,* for the plaintiffs in error, cited 2 Greenlf. Ev., § 29 ; *Hoffman vs. The Western M. & F. Insurance Co.,* 1 La. Ann. Rep., 216 ; Digest of Laws of Louisiana 362.

*Butler, Buttrick & Cottrell,* for the defendants in error, cited *Thurtell vs. Beaumont,* 1 Bing. 339.

*By the Court,* COLE J.   This was an action brought by the defendants in error to recover the amount due on a policy of insurance.   One of the grounds of defence relied upon to defeat the action was, that the defendants in error had set fire to the building, and that consequently the company was exonerated from all liability for the loss thus occasioned. Upon this point the court charged the jury that the defence set up constituted a criminal offence, and that although this was a civil action, yet from the nature of the defence—it being what would constitute a crime—they must be satisfied from the evidence, beyond a reasonable doubt; that the evidence should be as clear and satisfactory to prove the defendants' case, as if the plaintiffs were on trial upon an indictment for arson ; to which instruction the counsel for the plaintiff in error excepted.

We think the county court improperly instructed the jury as to the degree or quantity of evidence necessary to justify them in finding for the Company.   "The distinction between full proof and mere preponderance of evidence is in its appli-

cation very important. In all criminal cases whatsoever, it is essential to a verdict of condemnation that the guilt of the accused should be fully proved; neither a mere preponderance of evidence, nor any weight of preponderant evidence is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt. But in many cases of a civil nature when the right is dubious and the claims of the contesting parties are supported by evidence nearly equipoised, a mere preponderance of evidence on either side, may be sufficient to turn the scale." This is the rule laid down by Starkie, and the language is so clear and precise that it needs no illustration, 1 Starkie Ev. 4 Lond. Ed. pp. 817, 818. The same rule is stated by Prof. Greenleaf in almost the same words, 3 Green. Ev., § 29. See also, *Hoffman vs. The Western Fire and Marine Insurance Co.*, 1 Louisiana Ann. Lep. 216.

We have, however, been referred to the case of *Thurtell vs. Beaumont*, 1 Bing. R. 339, where a contrary doctrine is held. That was an action against an insurance company to recover a loss by fire, and the defence was that the plaintiff had wilfully set fire to the premises. Park J. instructed the jury that before they gave a verdict against the plaintiff, it was their duty to be satisfied that the crime of wilfully setting fire to the premises was as clearly brought home to him in the action, as would warrant the finding him guilty of the capital offence if he had been tried before them on a criminal charge. The court of common pleas was of the opinion that this direction was correct, though they granted a new trial on another ground.

It appears to us that this case is contrary to the authorities, and cannot be sustained on principle. Manifestly the position of a claimant in the one case, and of a prisoner in the other, is quite different. *Prima facie* evidence will establish a claim in a civil case, in the absence of all rebutting proof; and in

civil cases, it is the peculiar province of the jury to carefully weigh the testimony and find for the party in whose favor it preponderates. But in criminal cases it is necessary that the evidence against the defendant must be conclusive, and the jury must be satisfied beyond a reasonable doubt of his guilt before they can convict him. This is an elementary principle of criminal law.

We are of the opinion that the instruction of the court was erroneous and was calculated to mislead the jury on a material point, and therefore the judgment must be reversed and a new trial ordered.