## PRYCE VS. SECURITY INSURANCE COMPANY OF NEW YORK.

*Appearance, waiver by.—Foreign Insurance Company, liability of.—Evidence.*

1. An appearance and answer by an insurance company of another state, in an action commenced against it here by the filing of a petition with the clerk of the circuit court in conformity to section 7, chap. 72, R. S., is a waiver of all irregularities in the commencement of the action.

2. *It seems* that sec. 7, ch. 72, R. S., authorized suit to be commenced by petition filed with the clerk of the circuit court, and twenty-five per cent. damages to be assessed in addition to the actual loss sustained by plaintiff and interest, *only* when the defendant insurance company was incorporated by some "foreign government," and not when it was incorporated by some "other state."

Pryce vs. Security Insurance Company of New York.

3. Where such damages were not actually *assessed* by the court against a defendant insurance company, until after an act repealing said sec. 7 was in force, the assessment was without authority of law, although the trial was had and verdict rendered for the plaintiff for the sum actually due on the policy, with interest, *before* the repealing act took effect.

4. In such a case, where the 25 per cent. damages assessed by the court are separately stated in the judgment, such judgment will be reversed on appeal only as to such damages, with costs of appeal.

5. Whether an insurance company interposing the defense to an action on a policy that the plaintiff himself set fire to the property, " is bound to establish that fact by evidence equal in strength to the testimony of one credible witness swearing to the fact," or whether, in such a case, the jury must be satisfied beyond a reasonable doubt of the guilt of the plaintiff, as upon an indictment for arson, it was not necessary to decide in this action.

APPEAL from the Circuit Court for *Sheboygan* County.

This was an action against an insurance company incorporated by the state of New York, to recover the amount insured by it on a building which had been totally destroyed by fire, with twenty-five per cent. damages for its neglect to pay the insurance money within the time specified by the policy. It was commenced in supposed conformity to section 7, chap. 72, R. S., by filing a petition with the clerk of the circuit court, and the service of a summons to show cause why an order should not be issued directing the state treasurer to sell so much of the securities of the company in his custody as should be necessary to satisfy its liability, with interest and costs.

The complaint alleges the plaintiff's title to the property, the making and terms of the policy, the loss, and the service on defendant of proper proofs thereof, and the failure of defendant to pay the insurance money within the time limited in the policy.

The defendant appeared and answered, denying that the plaintiff had any insurable interest in the property at the time the insurance was effected; and alleging that the plaintiff procured such insurance by fraud and willful misrepresentation as

to her ownership, and that she, herself, willfully and fraudulently set fire to and burned the building.

Upon the trial, the plaintiff proved the loss and the mailing of sworn proof thereof to the state agent of the company, and his acknowledgment of its receipt. Defendant's motion for a nonsuit, for want of evidence of the particular character of such proof, and of the actual value of the property destroyed, was overruled. Proof of the latter fact was afterward supplied. The defendant then introduced proof that the house had an outside stairway; that the inmates heard a noise, sounding like footsteps near such stairway, about one hour before the fire was discovered; that when first discovered the fire was in the roof; that there had been no fire in the stove below for some eight hours; that the plaintiff was present at the fire, and had on a dress upon which there was some kerosene oil, which circumstance she explained by saying that she tipped a lamp over when she went to bed; that she had, on the day before the fire, said she wished lightning would strike the house, and she would rejoice to see it burn; and that some three or four weeks previously, in reply to a suggestion by a man whom she was employing to sell it for her, that, if she could not sell the property it would be a good thing if it was burned or struck by lightning, she said in a joking way, "that was so, and she wished, if it could not be sold, it might be struck by lightning and burned up in some way," and if he sold it, or it should be destroyed by fire, he should have $50, but that she made no proposition to him to burn it. Defendant also introduced proof of the plaintiff's representation as to her ownership of the premises, and of a previous verbal contract made by her for the sale thereof, and the receipt of the purchase money by her; but it also appeared that such contract was abandoned before the policy was issued.

Defendant excepted to the whole charge of the court, but particularly (1) to its refusal to charge as requested, that " if plaintiff, before making the application for this insurance, had made

a verbal contract to sell the property insured to L. for a certain sum, and in pursuance of that agreement had received the agreed price in full, and had admitted the purchaser to full possession, and he so remained in possession of said premises, and plaintiff of the purchase money, at the time of making the application for insurance, and thereafter until the loss occurred, then plaintiff's interest is not one of absolute ownership, and she is not entitled to recover;" and (2) to the giving of two instructions asked by the plaintiff, quoted in the opinion.

The jury rendered a verdict for the plaintiff for the amount of the policy, and a motion for a new trial having been denied, the court, on motion of the plaintiff, assessed twenty-five per cent. damages thereon, and included the same in the judgment. The defendant appealed.

*J. H. Jones*, for appellant, argued that section 7, chapter 72, R. S., under which this suit was instituted, applied to insurance companies organized under *foreign governments* only, and not to those organized under the laws of this or other states, citing ch. 103, Laws of 1858, as recognizing the distinction; that the appearance of the defendant merely waived prior irregularities and not those subsequently occurring; that said section 7 was repealed by section 38, ch. 56, Laws of 1870, before the 25 per cent. damages were assessed; and that the refusal of the court to give the instruction asked by the defendants, and its giving that asked by the plaintiff relative to the amount of proof required to establish the defense, that the plaintiff set fire to the premises, was error, citing, Wharton's Crim. Law, §§, 801–804; 2 Russell on Crimes, 944; *Washington Union Ins. Co. v. Wilson*, 7 Wis., 169; and that such error was not corrected by its giving other and inconsistent instructions, citing, *Imhoff v. Ch. and Mil. R. R. Co.*, 20 Wis., 344.

*Bentley & Seaman*, for respondent, contended that all objections to the proof, or want of proof of loss, were waived by not making them a ground for the refusal to pay the loss, citing *Troy Fire Ins. Co. v. Carpenter*, 4 Wis., 20; *Ætna Ins. Co. v*

*Tyler,* 16 Wend., 385; *McMasters v. Ins. Co.,* 23 id., 379; *O'Neil v. Ins. Co.,* 3 Coms., 128; *Bodle v. Ins. Co.,* 2 id., 57; *Bumstead v. Ins. Co.,* 2 Kern, 96; that production of the original proofs was not necessary, citing *Warner v. Ins. Co.,* 14 Wis., 318; that the defect, if any, in proof of value, was cured by its being afterward supplied, citing *Blanchard v. McDougal,* 6 Wis., 167; *Brandeis v. Neustadtl,* 13 id., 142; *Thomas v. Sowards,* 25 id., 631; that the instruction in relation thereto, not being founded on all the evidence, was properly refused, citing *Phœnix Ins. Co. v. Sholes,* 20 Wis., 35; that the instruction given, relative to the proof required to establish the defense that the plaintiff set fire to the premises, was a proper modification of the instruction previously given in accordance with the rule laid down in 7 Wis., 169, and that a stricter rule prevailed in recent cases, citing *Butman v. Hobbs,* 35 Me., 227; *McConnell v. Ins. Co.,* 18 Ill., 228; and that the plaintiff was entitled to the 25 per cent. damages, his right thereto having vested before the repeal of the law giving them.

DIXON, C. J.   It would seem that counsel for the defendant is right in the construction put by him upon sec. 7, ch. 72, R. S., and that it was only against insurance companies incorporated by some "foreign government," and not against those incorporated by "other states," that the commencement of suit by petition filed with the clerk of the circuit court, was authorized; and only against such companies, also, that the twenty-five per cent. damages, in addition to the actual amount of loss and interest, for the detention thereof, with costs, were to be assessed. But whether such be the true construction or not is immaterial in the present case, since the defendant appeared and answered the complaint, which waived all irregularities in the commencement of the action; and since, also, the above mentioned statute, which directed the damages to be assessed, was repealed before any assessment was had in this case.

Such repeal was effected by sec. 38, ch. 56, Laws of 1870

passed and approved March 14, 1870, and published March 20, 1870, from which last date it took effect and was in force as law. The trial of this cause was had, and verdict rendered in favor of the plaintiff for the sum actually due upon the policy, with interest, on the 10th day of March, 1870; but no assessment of the twenty-five per cent. damages was made by the court until the 23d day of the same month, which was one day after the statute, under which the court professed to act, was repealed. Such damages constituted no part of the contract, and were recoverable only by force of the statute which gave them. They were to be assessed by the court after verdict for the plaintiff, or, in the language of the statute, "in case judgment was rendered for the petitioner"; and it seems clear that the plaintiff had no vested right in them until they were actually assessed in her favor. But, when the supposed assessment was made, there was no statute giving them, and consequently no authority for the proceeding. The case was like the repeal or modification of a statute giving costs, pending a suit where the rights of the suitor to costs would be governed by the law in force at the time he obtained judgment, or when his costs were taxed. It is furthermore true, that the damages here sought were in the nature of a penalty, and penal laws are strictly construed. The rule is familiar, that, after the repeal of a penal statute, no judgment can be rendered for the penalty; and this is so even where the repeal takes place after verdict, and before judgment has been formally pronounced.

The instruction which was asked by the defendant, and refused by the court, was, we think, properly refused, because there was no evidence in the case to which it was applicable. The evidence was clear and uncontradicted that the alleged verbal contract to sell, referred to in the instruction, was abandoned before Lombard entered into possession. Lombard, whose testimony alone was relied upon to show the verbal contract, himself distinctly so testified, and that "there was an understanding that I was to pay no rent for the place until the

money was paid back. When I went in, I did not do it claiming to own the place." This was an end of the alleged verbal contract, and there was nothing for the jury to consider in relation to Lombard's supposed rights under it.

Exception was taken to that part of the charge in which the court said: "But the defendant claims that there are suspicious circumstances attending upon the burning. What these circumstances are, you will remember. I do not think there is much proof in that direction. The last sentence was regarded as particularly exceptionable; but, concurring, as we do, in the entire correctness of the remark, we cannot think of criticising the court below for having made it.

And for the same reason, namely, because there was no evidence upon which a jury could have found that the plaintiff set fire to the building herself, or caused or procured it to be set on fire and destroyed, we are of opinion that it is immaterial whether the court was right or wrong in giving the instruction asked by the plaintiff in relation to the degree or quantum of proof required to establish such fact. That instruction was as follows: "The defendant, in making the defense that the property was destroyed by the act of the plaintiff, is bound to establish the fact that she set the fire by evidence which is equal in strength to the testimony of one credible witness swearing to the fact." No less testimony should be taken by you as establishing the fact. This instruction may perhaps be considered as in conflict with the decision of this court in *Washington Union Ins. Co. v. Wilsons*, 7 Wis., 169, where it was held, upon such defense, that the rule of evidence was not, as on an indictment for arson that the jury must be satisfied of the guilt of the party beyond a reasonable doubt.

Other courts have held differently, and that the same degree of proof is required to sustain the defense as would be required to procure a conviction under an indictment for the same offense. *McConnell v. The Delaware M. S. Ins. Co.;* 18 Ill., 228; *Butman v. Hobbs*, 35 Maine, 2'.7; *Thayer v. Boyle*, 30 Maine, 745; *Thar-*

*tell v. Beaumont*, 1 Bing., 339; [8 E. C. L., 337.] See also *Adams v. Carlisle*, 21 Pick., 146. The rule of the latter cases is approved by Mr. Greenleaf, who cites several authorities. 1 Greenl. Ev., § 65. And the same doctrine has been held in numerous cases, differing in character though not in principle, as upon questions of legitimacy, marriage, and divorce on the ground of adultery. *Clayton v. Wardell*, 5 Barb., 216, 217; *Mears v. Wells*, 12 Met., 361; *Berckmans v. Berckmans*, 17 N. J., Eq. R. (2 C. E. Green), 453; *Warner v. The Commonwealth*, 2 Virginia Cases, 105; *Starr v. Peck*, 1 Hill, 272; *Lord Melville's Case*, 29 Howell St. Tr., 764. In the last case, Lord Chancellor ERSKINE says: "A fact must be established by the same evidence, whether it is to be followed by a criminal or civil consequence." And in 2 Virginia Cases, 105, the court say: It cannot be contended, that, when the same fact comes in dispute in a civil and criminal case, the law requires other and different evidence to establish such fact in one case from what it requires to establish the fact in the other. The law is not, and ought not to be so." And in *Clayton v. Wardell* the court held that the same presumption against the commission of crime prevails in civil as in criminal cases, saying that, according to every rule of sound reasoning, such presumption ought to be invoked equally in favor of any person who makes a claim which can only be defeated by assuming that a crime has been committed." And in *Berckmans v. Berckmans* the decision was, that, upon a bill for divorce on the ground of adultery, the complainant must not only show a decided preponderance of evidence in support of the charge, but must prove it to the satisfaction of the court *beyond a reasonable doubt.*

But, whatever the true rule of evidence may be, it is manifest, for the reason above stated, that the defendant could not have been prejudiced by the instruction here given, and that, although the same may have been erroneous.

It follows from these views that there was no error in the proceedings and judgment in the court below, except that part

of them awarding the twenty-five per cent. damages, which are separately stated and included in the judgment at the sum of eighty-seven dollars and fifty cents. As to that sum, therefore, the judgment should be reversed, with costs of appeal to be taxed against the plaintiff. The judgment in all other respects, being correct, should be affirmed.

*By the Court.*—It is so ordered.