Evans vs. Rugee.

EVANS VS. RUGEE.

*April 10 — May 31, 1883.*

HUSBAND AND WIFE: FRAUDULENT CONVEYANCE. *(1) Burden of proof of title in wife, and of fraud. (2) Preponderance of evidence sufficient. (3) Instructions to jury. (4) When sale is fraudulent.*

1. Where a wife claims title to property seized on an execution against her husband, by virtue of a conveyance from him to her, the burden of proof is upon her only to show that she purchased the property for a valuable consideration paid out of her separate estate or by some other person for her. That being shown the burden of showing fraud is upon the opposite party. *Semmens v. Walters,* 55 Wis., 675.

2. And in such case the title of the wife need not be established beyond a reasonable doubt. A preponderance of evidence is sufficient.

3. The jury, in such a case, may be cautioned to consider well and scan closely the evidence under circumstances so favorable to collusion, and require testimony which convinces them of the truth, but they should not be instructed that *more convincing* testimony is required to establish the validity of the conveyance than if the parties thereto were strangers.

4. A sale of property for an adequate consideration, though made with intent to hinder and delay creditors, is not void as against a purchaser who, although he knew of the vendor's indebtedness, did not participate in or know of the fraudulent intent.

APPEAL from the County Court of *Milwaukee* County.

Action for the unlawful conversion of a stock of liquors and other personal property alleged to be the sole and separate property of the plaintiff, a married woman, and to have been received by her in payment of a *bona fide* debt due to her in her own right from her husband. The answer justified the taking under and by virtue of an attachment and execution against the property of the husband, and alleged that the pretended sale and transfer to the plaintiff was without consideration, and was made by the husband and accepted by the plaintiff for the purpose of defrauding and hindering the creditors of the husband.

The instructions to the jury and the substance of their special findings are sufficiently stated in the opinion. In addition to the special findings the jury found a general verdict for the defendant. From a judgment entered on the verdict the plaintiff appealed.

For the appellant the cause was submitted upon the brief of *J. C. McKenney*, as counsel, and *Ludwig & Somers*, as attorneys.

For the respondent there was a brief by *E. P. Smith* and *D. G. Rogers*, and oral argument by *Mr. Smith*.

ORTON, J.    The plaintiff was the wife of Francis C. Evans, the defendant in the attachment and execution by virtue of which the defendant, as sheriff, took possession and holds the property as belonging to said defendant, which the plaintiff claims in this suit belonged to her as her separate property previously purchased by her from her said husband, and with means derived from her separate property and estate.    The main issue to be tried was the question of fraud in said purchase.    The jury found in their special verdict substantially that the sale and transfer of said property from the defendant in the attachment and execution to her was for a consideration, and that it consisted of the sum of $6,700, in money belonging to her separate estate, which she had previously loaned to him, but they found also that the bill of sale to her of the property was not received by her in payment of said debt *in good faith*.    This made the question of her intent to defraud the creditors of her husband in taking such bill of sale the only question, so that it was a very material question in this case to what extent and in what sense the law imposed upon the plaintiff the burden of proof of showing the *bona fides* or good faith of the transaction.

The first special instruction given to the jury by the county court was as follows: " This action being between the wife of F. C. Evans and the creditors of her husband, the plaintiff

claiming the property in dispute by purchase from her said husband, the burden of proof is upon her to prove that she made such purchase in *good faith*, which proof must be made *by clear and satisfactory evidence* that she made such purchase from her husband in good faith *and* for a valuable consideration, paid out of her separate estate, or by some other person for her," etc.  This instruction imposes on the plaintiff the burden of proof that the sale was made in good faith, *and also* for a valuable consideration, paid out of her separate estate, or by some other person for her.  It imposed upon her the burden of proof of two facts: *First*, her good faith; and, *second*, the consideration.  The whole burden is imposed on her negatively to disprove the fraud, or affirmatively to prove her good faith in the transaction, in the broadest and most comprehensive language.  When she has proved that she has made the purchase for a valuable consideration, paid out of her separate estate, or by some other person for her, she has then proved all the *bona fides* or good faith in the purchase required by the statute, sec. 2319, as correctly construed.  Aside from this, the burden of proving the fraud *by clear and satisfactory evidence* is upon the party alleging it, as it always was.  *Bond v. Seymour*, 2 Pin., 105. This question has been so recently decided by this court in *Semmens v. Walters*, 55 Wis., 675, that it is unnecessary to do more than to cite the case and refer to the authorities therein mentioned, commented on, and explained.  This instruction was palpably erroneous, touching a vital question in the case.

The second special instruction was equally erroneous, as follows: " The law of this case as applied to the consideration of the evidence herein is that *Mrs. Evans* is required to *establish* her title to the property claimed by her in this case by evidence that will not admit of a *reasonable doubt.*"  The rule in all civil cases is that a *preponderance* of evidence only is necessary.  This question has also been recently decided

by this court, and to this effect, in *Whitney v. Clifford, ante,*
p. 156, in which other cases are cited.    The jury must have un-
derstood by these two instructions together that the plaintiff
must establish her title to the property by clear and satis-
factory evidence which is also beyond a reasonable doubt, or
which will not admit of a reasonable doubt, which is the
same in substance, that she purchased the property and paid
for it out of her separate estate, or by some other person for
her, and also that the sale was not fraudulent, or made with
the intent to hinder or delay creditors, or that it was made
in good faith, to entitle her to recover.    For these two
glaring errors the judgment must be reversed.

The other special exceptions need not be considered.

The first special instruction was repeated by the court in
the general charge.  · The charge, as a whole, was excepted
to as being too much against the plaintiff by failure to pre-
sent the law favorable to her rights.    The charge almost
seems liable to such an exception, although, of course, it was
unintentional, and may have been caused by the omission of
the plaintiff's counsel to ask special instructions in her behalf,
and the great amount of business in the court requiring
*brevity* in each case.    The jury are told that on account of
the relationship of the plaintiff with the defendant in the
judgment, more *convincing* testimony is required in order to
establish the validity and force of the contract than if the
transaction had occurred between strangers.    To *convince* is
primarily " to overcome or subdue," and, in logic, " to satisfy
the mind by proof."    When one is convinced he cannot be
more convinced.    If evidence is convincing, it is sufficient in
any case, and to say it ought to be more convincing in one
case than another, is giving to the word degrees of com-
parison when the word itself is superlative.    It is quite too
much like saying that the jury ought to be convinced beyond
a reasonable doubt.    This is too harsh a rule in a case where
a wife is seeking to defend her separate property, which is

favored by our law. The relationship of these parties as husband and wife would justify a caution to the jury to consider well and scan closely the evidence under circumstances so favorable to collusion, and require testimony which convinces them of the truth. But when convinced, they need not be more convinced in order to find a verdict in favor of the wife.

The last general instruction substantially charges that if *the individual who makes the sale* was indebted and has other creditors, and that fact is known to the purchaser, and the sale is made, notwithstanding a full price is paid, with a view of hindering or delaying the other creditors, that is a fraudulent transaction which the law will not uphold, and such a transaction is absolutely null and void. This is saying that if the purchaser knows that the vendor is indebted to the creditor in the suit, and others, that makes the transaction fraudulent and void, if the sale is made to hinder or delay other creditors, whether the purchaser participates in such intent or not, or knows of such intent on the part of the vendor or not. Such a rule would make every sale void for fraud made by the vendor when he is indebted to the knowledge of the purchaser, whether he participates in the fraud or not. The knowledge of the purchaser should have been made to qualify the whole charge, which it does not. This was altogether too favorable to the defendant. The law favorable to the claims of both parties should be given as fully and as fairly as they will bear. But these parts of the instructions were not specifically excepted to, and are only noticed to show the bearing of the general charge. The jury found that the plaintiff paid for the property $6,700 out of her separate estate. This would seem to give her an honest claim to it, unless it was clearly and satisfactorily proved that she participated in the intent of her husband to hinder, delay, or defraud his creditors. On that issue she stands

like any other purchaser, and entitled to equal rights under the law.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.