POERTNER, Respondent, vs. POERTNER, Appellant.

*September 25 — October 12, 1886.*

DIVORCE: ADULTERY. *(1) Issue to be determined by preponderance of evidence. (2) Credibility of witnesses: Sufficiency of evidence. (3) New trial.*

1. When the issue in a civil action involves a charge of crime it should be determined by the clear and satisfactory preponderance of the evidence; and this rule applies to an action for divorce in which adultery is charged.

2. In an action for divorce, adultery was charged in a counterclaim. The jury were instructed that the testimony of a female witness who had testified directly to acts of adultery by the plaintiff, and who admitted that she had served a term in the state prison on a conviction for a like crime, was not sufficient in law to sustain the charge against the plaintiff, but, uncorroborated, was utterly insufficient to sustain it. *Held,* error.

3. In an action for divorce on the ground of adultery, the verdict of the jury upon that issue is not purely advisory, and if material errors were committed on the trial the verdict should be set aside.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff brought her action against the defendant, her husband, to obtain a divorce from him, alleging cruel and inhuman treatment as ground therefor. With a general denial, the defendant interposed a counterclaim for a divorce, charging the plaintiff with adultery. The issue on such counterclaim was tried by a jury, and resulted in a verdict of "not guilty." The defendant thereupon moved for a new trial, on the grounds, among others, of newly discovered evidence, and that the court erred in the instructions given to the jury. The challenged instructions relate chiefly to the rule of evidence in such cases. The motion was denied, and this appeal is by the defendant from the order denying the same.

For the appellant there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *C. H. Van Alstine.*

For the respondent there was a brief by *Weil & Killilea*, and oral argument by *Mr. Killilea*. They contended, *inter alia*, that the statute of New York, like our own, requires that an issue of fact in a case like this be tried by a jury, but it has been there held that even then the verdict was only advisory, and the granting of a new trial is discretionary with the court, and a new trial will not be granted for errors of court where the verdict is substantially correct. *Forrest v. Forrest*, 25 N. Y. 511; *Apthorp v. Comstock*, 2 Paige, 483; *Bootle v. Blundell*, 19 Ves. Jr. 503; *Savage v. Carroll*, 2 Ball & B. 444; *Mulock v. Mulock*, 1 Edw. Ch. 14.

Lyon, J. The character and weight of the testimony required to support a finding or verdict of guilty on an issue of adultery in an action for divorce has been somewhat discussed in several cases in this court. In *Pryce v. Security Ins. Co.* 29 Wis. 270, Dixon, C. J., cites cases in the opinion, with apparent approval, holding that the same degree of proof is required to sustain a charge of adultery in a divorce suit as would be required to secure a conviction on an indictment for the same offense. That action was on a policy of insurance, and the issue was whether the plaintiff had, as charged in the answer, wilfully and fraudulently burned the insured building. The opinion does not determine the rule of evidence in such a case, for the reason that there was an entire want of evidence tending to show that the insured party burned the building. Both before and after that case was decided this court held that in such an issue the rule which prevails in other civil actions is applicable, and hence that a preponderance of evidence, although it falls short of proving the fact beyond a reasonable doubt, is sufficient to support a verdict against the insured, although in effect it convicts him of a crime. *Washington Union Ins. Co. v. Wilson*, 7 Wis. 169; *Blaeser v. Milwaukee M. M. Ins. Co.* 37 Wis. 31. See, also, *Wright v. Hardy*, 22

Wis. 348; *Whitney v. Clifford*, 57 Wis. 156; *Evans v. Rugee*, 57 Wis. 623,— in which cases the same rule is applied to issues of negligence or fraud. The rule must therefore be considered as established in the classes of actions to which the above cases belong. The statement in a head-note to the above case of *Washington Union Ins. Co. v. Wilson*, in Vilas & Bryant's edition, to the effect that the case was overruled by *Pryce v. Security Ins. Co.*, is incorrect.

Is an issue of adultery in a divorce suit an exception to the above rule? If so, what is the rule of evidence on such an issue? It has already been stated that these questions were not determined in *Pryce v. Security Ins. Co. supra*, whatever may be the drift of the opinion, or the intimations therein.

*Freeman v. Freeman*, 31 Wis. 235, like the present case, was an action by the wife for a divorce. The husband recriminated, alleging adultery by the wife. The issue of adultery was tried by the court (a jury having been waived) and resulted in a finding sustaining the charge and a judgment granting the husband a divorce. On appeal, this court reversed such finding and judgment, because the charge of adultery appeared "to have been entirely unfounded, and to have been brought forward without the discovery *or proof* of any facts sufficient to justify a general suspicion, or even a well-grounded suspicion of any kind, of its truth." Applying to that case the ordinary rule in civil actions, the finding should have been that the charge of adultery was not proved; for certainly there was no preponderance of proof sustaining it. Hence it was not necessary to determine the rule of evidence in such cases. The rule is, however, discussed at some length in the opinion by Dixon, C. J., and many of the cases bearing upon it are cited and commented upon. Undoubtedly the opinion in that case favors the application, to cases like this, of the same rule of evidence which prevails in trials on indict-

ments or informations for the same offense.    It was so under-
stood by the present chief justice when he wrote the opin-
ion in *Blaeser v. Milwaukee M. & M. Ins. Co.* 37 Wis. 31,
and he there suggests reasons why the strict rule in criminal
trials should obtain in the trial of such an issue in an ac-
tion for a divorce, while it does not obtain in the trial of
issues of fact in civil actions which involve charges of other
crimes.

This review of the cases in this court in which the ques-
tion under consideration has been discussed, will show, we
think, that the rule of evidence which ought to prevail in
this case has not been settled and established by such adju-
dications.    For the first time we have now before us a case
in which it is necessary to declare the rule.

We are quite unable to perceive any difference in princi-
ple between an issue of adultery in a divorce suit, and issues
in many civil actions involving charges of other crimes.
The consequences of a finding that the crime has been com-
mitted may be just as disastrous in the one case as in the
other,— may even be more disastrous in the latter class of
cases than in the former case.    That must depend greatly,
not only upon the heinousness of the crime, but upon the
standing, situation, and circumstances of the party charged
therewith.

The rule as to the strength and quality of testimony re-
quired to justify a finding of guilt, when the issue in a civil
action involves a charge of crime other than adultery, hav-
ing been established by repeated judgments of this court,
we have concluded, after much deliberation, that the same
rule should obtain when adultery is charged in an action
for a divorce.    That rule is that the issue should be deter-
mined by the clear and satisfactory preponderance of the
evidence.    The jury in such a case should be so instructed,
but not that the crime must be proved beyond a reasonable
doubt before they can properly find it has been committed.

This rule may not differ greatly from that stated in *Berck-mans v. Berckmans*, 17 N. J. Eq. 454, where it is said that "the evidence must be such as to satisfy the human mind, and leave the careful and guarded judgment of the court free from any conscientious and perplexing doubts as to whether the charge be proved or not;" or from the rule laid down by Lord STOWELL in *Loveden v. Loveden*, 4 Eng. Ecc. 461, to the effect that, to justify a finding that the crime charged has been committed, "the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion." These rules received the approval of Chief Justice DIXON in *Freeman v. Freeman, supra.* But whether those rules and that herein laid down and adopted do or do not differ, the latter rule occupies middle ground between a mere doubtful or uncertain preponderance of proof on the one hand, and that degree of absolute proof implied in the formula "beyond a reasonable doubt" on the other, and is, we believe, the sounder and safer rule.

These views are amply sustained by high authority. In 1 Greenl. on Ev. sec. 13*a*, note *a* (14th ed. 1883), it is said: "There seems to be at the present time no exception in the United States to the two rules (1) that in criminal cases the jury must be satisfied beyond a reasonable doubt by the proof, and (2) that in civil cases they may decide upon the mere preponderance of evidence. The rule that when a criminal act is alleged in a civil suit the proof of the criminal act must satisfy the jury beyond a reasonable doubt, has now been abandoned in most states, and the same rule applied to these as to other civil cases." Many cases are there cited to support the proposition.

In a very late case decided by the court of appeals in New York *(Allen v. Allen*, 101 N. Y. 658) the same rule is laid down. The action was for a divorce, and the issue upon a charge of adultery. The court say: "We under-

stand the rule to be that in a civil action the fact of adultery may be proved by such facts and circumstances as, under the rules of law, are legal evidence, admissible in a court of justice, which clearly satisfy the mind of the tribunal which is required to pass upon the question of the commission of the act. In weighing the evidence, and considering the facts and circumstances, great care is necessary, on the one hand, not to be misled by circumstances reasonably capable of two interpretations,— into giving them an evil rather than an innocent one; nor, on the other, by refusing to give them their plain and natural significance, on the theory that a different standard of judgment applies to such cases from that which in ordinary transactions guides the conclusions of intelligent and conscientious men. The circumstances must be considered separately, and as a whole. The single threads of circumstance may be weak, but, united, they often lead, with assured conviction, to the final fact which is the subject of the investigation. ( *Williams v. Williams*, 1 Hagg. Cons. 299; *Durant v. Durant*, 1 Hagg. Ecc. 748; 2 Greenl. on Ev. secs. 40, 41.)"

The learned circuit judge charged the jury in the present case, in a variety of forms, that the rule in criminal cases prevailed, and that the issue could not properly be found against the plaintiff unless her alleged adultery was proved beyond a reasonable doubt. The whole charge is based on that proposition. This was error.

The judge also instructed the jury that the testimony of a female witness who had testified directly to acts of adultery by the plaintiff, and who admitted that she had served a term in the state prison on a conviction for a like crime, was not sufficient in law to sustain the charge against the plaintiff, but, uncorroborated, was utterly insufficient to sustain it. This, also, was error. The court might properly have cautioned the jury to scan such testimony closely and

receive it with great caution; but the credibility of the witness, and the weight to which her testimony was entitled, were questions for the jury, not for the court.

It is claimed that, because the case is one in equity, the verdict of the jury is merely advisory, and hence, because the court was satisfied with the verdict, the order denying a new trial should not be disturbed, even though errors were committed on the trial. It is not quite accurate to say that the verdict on this issue is merely advisory. Unlike most other equitable issues, it must be tried by a jury, unless a jury trial thereof is waived by the parties. R. S. sec. 2843. Hence, in the absence of such waiver, the court cannot give judgment thereon until the fact is found by the jury. In most other equity cases wherein a verdict is taken on an issue of fact, the court may, if the testimony is sufficient, set aside the verdict and find the facts differently, and judgment may be entered on such findings. But, if the court set aside the verdict on an issue of adultery, a new trial must be ordered. Such being the law, it seems clear enough that, if material error be committed on the trial of an issue like this, the verdict should be set aside; otherwise the injured party is without remedy. If, upon the whole case, it appears that, although errors have intervened, the verdict is manifestly right, and that in all reasonable probability a new trial would result in the same verdict, then the court may well say that the errors alleged are immaterial, because not prejudicial to the rights of the complaining party.

In this case the errors were substantial, going to the merits of the issue, and we cannot say that they did not affect the verdict, or that the verdict is manifestly right. Upon principle, and in accordance with all the authorities, for such errors a new trial should be granted.

It is unnecessary to determine whether the defendant

made a case for a new trial on the ground of newly discovered evidence.

*By the Court.*— The order is reversed, and the cause will be remanded with directions to the circuit court to set aside the verdict and grant a new trial.

