TRZEBIETOWSKI, Respondent, vs. JERESKI, Appellant.

*November 21—December 8, 1914.*

*Seduction: Loss of services: Evidence: Exclusion of questions: Prejudicial error: Relevancy: Previous unchastity: Instructions to jury: Degree of proof.*

1. In an action by a father for loss of his daughter's services by reason of her seduction which resulted in the birth of an illegitimate child, a verdict for plaintiff is *held* to be supported by sufficient evidence, although the question is a close one, turning upon the veracity of the daughter and of the defendant.
2. To a question as to how the birth of the illegitimate child affected him, plaintiff answered "It affected me so that I would rather see the girl was dead or me." *Held*, that the question was proper and the answer responsive.
3. Where a question does not indicate the nature of the evidence sought to be elicited or that the witness has any knowledge on the subject, and there is no offer of proof or statement of what is expected to be shown by the answer, the error, if any, in excluding the question cannot be said to be prejudicial.
4. Defendant having, for the purpose of showing previous unchastity of plaintiff's daughter, introduced testimony to the effect that while riding in a farm wagon, when about fourteen years old, she had thrust her hand through an opening in the seat and playfully tickled the driver on his side, the court properly directed the jury to disregard such testimony, there being nothing in the incident indicating depravity.
5. In a civil action where one of the facts essential to a recovery also constitutes a crime the jury must be satisfied of the existence

of such fact by a clear and satisfactory preponderance of the evi-
dence; but an instruction in this case that the jury must be
satisfied "by a fair preponderance of the evidence and to a rea-
sonable certainty," is *held* to be so slight a departure from the
rule that, in the absence of any request for more explicit in-
structions, the error cannot be deemed prejudicial.

APPEAL from a judgment of the circuit court for Trem-
pealeau county : E. C. HIGBEE, Circuit Judge.    *Affirmed.*

For the appellant there was a brief by *R. S. Cowie,* attor-
ney, and *Gaveney & Barlow,* of counsel, and oral argument
by *Mr. Cowie.*

*Frank C. Richmond* and *John A. Markham,* for the re-
spondent.

TIMLIN, J.    This appeal is by defendant from a judgment
for $2,250 damages and $128.53 costs in favor of the plaint-
iff, the father of the witness Helen, given in an action in
form for loss of services, in substance for damages resulting
from her seduction or ravishment resulting in pregnancy and
the birth of an illegitimate child.    The learned counsel for
appellant make a vigorous and able presentation of the case,
principally on the ground of the inadequacy of the evidence
to support the verdict.    The question is a close one and turns
upon the veracity of Helen and that of defendant.    We re-
gard the evidence as presenting a case for the jury, and it
would be largely guesswork for us to attempt to decide which
of the witnesses, Helen or the defendant, is telling the truth.
The learned circuit judge saw these witnesses and heard the
evidence, and he added the weight of his opinion to that of
the jury when he refused to grant a new trial.    It would
answer no good purpose to spread upon these pages the de-
tails of the evidence.    We must hold that there was evidence
to support the verdict.

Passing to the other assignments of error.    It having ap-
peared in evidence that Helen had given birth to an illegiti-
mate child, the plaintiff as a witness in his own behalf was

asked how this affected him. He answered: "It affected me so that I would rather see the girl was dead or me." The question was proper and the answer was responsive to the question. In cross-examination of the plaintiff the following question was asked relative to a grown-up daughter then residing in Winona, Minnesota: "What is she doing now?" An objection of plaintiff to this question was sustained. There was no offer of proof, there was no statement of what was expected to be shown by the answer, and it is impossible for this court to say under such circumstances that the ruling, even if erroneous, was prejudicial. Defendant sought to prove by a witness on the stand the interior arrangement of plaintiff's house. An objection to such evidence was sustained, the court saying in making such ruling: "If you want to make an offer make it in writing and I will rule upon it." No such offer was made and we therefore cannot say the ruling was prejudicial. Where the question does not indicate the nature of the evidence sought to be elicited or that the witness has any knowledge on the subject and there is no offer of proof, it is manifestly impossible to say that prejudicial error affirmatively appears from a ruling sustaining an objection to such a question. This is an effect of sec. 3072m, Stats., which counsel would do well to keep in mind.

It is said the court erred in instructing the jury to disregard the testimony of one Rudnik. In order to show in mitigation of damages that Helen, who was between fifteen and sixteen years of age at the time of her seduction, was before that time unchaste, the defense offered the testimony of one Rudnik, a farmer for whom the girl worked when about fourteen years of age. This testimony was to the effect that on one occasion while riding on a farm wagon, Rudnik in the seat and the girl Helen and two other children standing up behind the seat, Helen thrust her hand through the opening in the back of the seat and playfully tickled Rudnik on his side. The circuit court rightfully told the jury to disregard

this evidence.   It requires the stimulus of extraordinary zeal
to see anything indicating depravity in this incident.

The most serious question is upon exception to an instruc-
tion in the following words: ..

"In order to entitle the plaintiff to recover, it is necessary
that you be satisfied by a fair preponderance of the evidence
and to a reasonable certainty that the defendant is the person
who had sexual intercourse with her.   If you are so satisfied
you should find for the plaintiff.   If you are not so satisfied
you should find for the defendant."

Appellant's counsel correctly contend that in a civil action,
where one of the facts essential to recovery also constitutes a
crime, the rule is that it is necessary that the jury be satisfied
of the existence of such fact by a clear and satisfactory pre-
ponderance of the evidence.   *Poertner v. Poertner,* 66 Wis.
644, 29 N. W. 386.   Instead of using the words "clear and
satisfactory" the learned circuit judge used the word "fair."
He did, however, add to the rule as stated in the case last
mentioned the words "to a reasonable certainty."

It is quite difficult to determine whether a clear and satis-
factory preponderance of evidence requires greater convinc-
ing power of evidence than a fair preponderance of evidence
and to a reasonable certainty.   The last expression would
seem to require that the evidence reach the degree of fair pre-
ponderance, and also establish the fact to which it is directed
to a reasonable certainty; while the former expression re-
quires only a clear and satisfactory preponderance of the evi-
dence.

In *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63, the
instruction closely followed the rule of the *Poertner Case* but
omitted the word "satisfactory," thereby advising the jury
that if the proof failed to establish any of the material facts
by a clear preponderance of the evidence the plaintiff could
not recover.   The words "to a reasonable certainty" were not
used.   It was held that the charge there complained of was

equivalent to that approved in the *Poertner Case.* Although
the words "to a reasonable certainty" were not used either in
the *Poertner Case* or the *Klipstein Case* the opinion goes on
to say: "In the very nature of things no fact can be estab-
lished to a reasonable certainty, the certainty required in any
civil action, by less than a preponderance of the evidence, nor
established with such certainty, clearly, by less than a clear
preponderance of the evidence, the clear weight of evidence."
It was then said that the expressions "clear preponderance of
the evidence" and "clear and satisfactory evidence" were sub-
stantial equivalents.

*Neacy v. Milwaukee Co.* 144 Wis. 210, 219, 128 N. W.
1063, reads as follows:

"True, as has been suggested upon previous occasions, the
distinction between establishment of a fact by a preponder-
ance of the evidence to a reasonable certainty, and establish-
ment thereof to such certainty by clear and satisfactory evi-
dence, may be somewhat shadowy; but it is considered that
there is such a distinction which is so substantial that a defi-
nite rule in respect thereto was logically formulated at an
early day and has become a significant feature of our judicial
system. Such feature must, necessarily, vary in importance
according to the depth of moral turpitude of the fraud al-
leged."

In *Larson v. Foss,* 137 Wis. 304, 118 N. W. 804, speaking
of the rule as applied to an ordinary issue of fact in a civil
case and the departure from that rule by the circuit court, it
was said that more explicit instructions on this point should
have been asked for, citing *Curran v. A. H. Stange Co.* 98
Wis. 598, 74 N. W. 377.

It seems to us that the departure here from the established
rule is slight and that in the absence of a request for more
explicit instructions we cannot regard the instruction as here
given prejudicial. It must have been understood by counsel
and the court, hence presumably by the jury, as stating the

substantial equivalent of the rule laid down in *Poertner v. Poertner,* 66 Wis. 644, 29 N. W. 386.    Other questions have been considered, but we find no sufficient reason for reversing the judgment of the court below.

*By the Court.*—Judgment affirmed.