ZEIDLER, Respondent, vs. GOELZER, Appellant.

*October 19—November 13, 1923.*

*Automobiles: Collision with toboggan attached to another automobile: Negligence: Contributory negligence: Evidence: Admissions in pleading: Immaterial error: Instructions: Perverse verdict: New trial.*

1. In an action for injuries to one riding on a toboggan which it was conceded was attached to the rear of an automobile when struck by defendant's automobile, it was error to refuse to permit plaintiff's counsel to read to the jury admissions of such fact in defendant's answer, on the ground that the pleadings had not been offered in evidence; but such error was not prejudicial to plaintiff where the fact sought to be shown was not in dispute. p. 59.

2. Sec. 2829, Stats. 1921, requiring the court to "disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party," applies to instructions and to immaterial errors in the admission and rejection of testimony.   p. 60.

3. The jury's affirmative answer to a question whether plaintiff failed to exercise ordinary care which proximately contributed to his injuries, is not inconsistent with its affirmative answers to questions whether defendant failed to exercise ordinary care and whether such failure was the proximate cause of plaintiff's injuries.   p. 60.

4. The question whether or not the persons on the toboggan were guilty of negligence in its management and control at the time and place is a question of fact properly submitted to the jury.   p. 60.

5. An instruction submitting the question whether plaintiff failed to exercise ordinary care which proximately contributed to his injuries is not erroneous as referring to his general conduct in riding on a toboggan attached to an automobile, which fact was undisputed, instead of his conduct at and immediately before the accident.   p. 61.

6. An order setting aside, on plaintiff's motion, a verdict finding him as well as defendant guilty of negligence proximately contributing to his injuries and fixing his damages if the court thought him entitled to recover, is not sustained on the ground that the verdict was perverse, in the absence of evidence of perversity or anything in the record indicating that the court set aside the verdict on such ground, though a much larger finding of damages could have been sustained under the evidence.   p. 61.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

The entire facts in this case are set out in *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627, a companion case, to which reference is made in this case.

The jury returned the following verdict:

"(1) Did the defendant *Elton P. Goelzer* fail to exercise ordinary care in the operation and management of his automobile at the time and place in question?   *A.* Yes.

"(2) If you answer the first question 'Yes,' then answer this: Was such failure to exercise ordinary care the proximate cause of plaintiff's injuries?   *A.* Yes.

"(3) Did the plaintiff, or any one of the toboggan party, fail to exercise ordinary care which proximately contributed to produce plaintiff's injuries? *A.* Yes.

"(4) If the court should be of the opinion that the plaintiff is entitled to recover, what sum will reasonably compensate the plaintiff for the injuries sustained? *A.* $3,000."

Upon motion of the plaintiff the court set the verdict aside and granted a new trial, and from that order the defendant *Elton P. Goelzer* appeals.

For the appellant the cause was submitted on the brief of *J. Elmer Lehr* of Milwaukee.

For the respondent there was a brief by *Albert H. Riemer* and *Churchill, Bennett & Churchill,* all of Milwaukee, and oral argument by *Mr. W. H. Churchill* and *Mr. Riemer.*

ROSENBERRY, J. In discussing the position of the automobile upon the argument to the jury, counsel for plaintiff attempted to read certain allegations contained in the answer of the defendant *Elton P. Goelzer* as follows:

"Admits that on or about January 7, 1920, while he was operating an automobile in Washington Park, the plaintiff came into collision with same while riding upon a sled attached to another automobile.

"That the defendant was driving with the permission of his father, and while so driving through Washington Park, the plaintiff, while riding upon a sled attached by a long rope to the rear of another automobile, came into collision with the automobile operated by this defendant."

Defendant's counsel objected to the reading of these allegations on the ground that the pleadings had not been offered in evidence, and the objection was sustained. This was error. *Nelson v. Pauli,* 176 Wis. 1, 186 N. W. 217. We fail to see, however, how it can be in any respect whatever prejudicial error. It was not disputed that the toboggan was attached to the rear of the automobile. Wherever it was at the time the injury occurred, it was brought there

by reason of the fact that it was attached to the rear of the automobile. Therefore, the situation would not have been changed in the slightest had plaintiff's counsel been permitted to read from the defendant's answer the quoted portions.

Sec. 2829, Stats., provides:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

This applies to instructions. *Trzebietowski v. Jereski,* 159 Wis. 190, 149 N. W. 743. It is applicable to immaterial errors in the admission and rejection of testimony.

It is also contended that the answer to the third question is inconsistent with the answers to questions 1 and 2 of the special verdict. We fail to see any inconsistency in these answers. It cannot be said that the answer to the third question finds the toboggan to be on either the one or the other side of the road. The jury was asked to say whether or not those upon the toboggan were guilty of negligence in the management and control of the toboggan at the time and place in question. If, as claimed by plaintiff's counsel, the answer sought to be elicited referred to whether or not they were guilty of negligence by reason of the fact that they were there at all on the toboggan attached to a rapidly moving automobile, the facts being undisputed, the question was one of law for the court. The trial court properly treated it as a question of fact and submitted it to the jury.

In this connection complaint is also made in regard to instructions given by the court relating to question 3. The court said:

"Now it is claimed on the part of the defendants in this action that the plaintiff and the persons on the toboggan failed to exercise ordinary care in permitting themselves to be in the position they were in at the time of the happening of the event in question. This the plaintiff denies. So you will notice that this question makes inquiry as to whether

the plaintiff, or any one of the party on the toboggan, failed to exercise ordinary care which proximately contributed to the plaintiff's injuries."

This instruction clearly indicates that question 3 related to the conduct of the party at and immediately preceding the occurrence of the accident and not to the general conduct of the parties riding through the park upon the toboggan attached to the automobile. We find nothing objectionable in this instruction.

Plaintiff further seeks to sustain the order on the ground that the verdict was perverse. There is nothing in the record to indicate that the trial court set the verdict aside upon that ground. While a much larger finding of damages than that made by the jury could have been sustained under the evidence, we see no evidence of perversity. The case was fairly tried and there was no prejudicial error. The defendant should have had judgment upon the verdict.

*By the Court.*—The order appealed from is reversed, with directions to grant defendant's motion for judgment.