SMITH, Respondent, vs. BRIGGS and another, Appellants.

*November 3 — December 1, 1885.*

*(1) Logs and timber: Conversion: Joinder of parties defendant. (2) Pleading: Joint conversion.*

1. An action to recover the value of timber wrongfully cut upon the land of the plaintiff may be brought against the person who did the cutting and one who purchased the timber knowing that it had been so wrongfully cut, jointly. Sec. 4269, R. S.
2. A complaint charging separately a conversion of personal property by one defendant by his sale thereof to the other, and a conversion by the latter by his purchase from the former, states, in effect, a joint conversion and but one cause of action.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

*Moses Hooper*, for the appellants.

*Silas Bullard*, for the respondent.

ORTON, J. The complaint of the respondent, plaintiff, substantially alleges that he was the owner of certain lands, and lawfully entitled to the possession of the same, when the defendant *A. G. Briggs*, by himself, his agents, servants, and employees, wrongfully entered upon the same, and cut thereupon and therefrom 200,000 feet of pine, and 100,000 feet of oak, basswood, and ash timber, and wrongfully removed the same from said premises, and converted the same to his own use, and sold the same to the defendant *Henry Sherry*, who, well knowing that said timber was so wrongfully taken by the said *A. G. Briggs* from said premises, purchased and received the same of and from him, and converted the same to his own use, having notice that the same had been wrongfully cut and removed from said lands of the plaintiff. It is further substantially alleged that the highest market value of said timber so cut, removed, sold, purchased, and converted, at the time it was so cut, removed,

sold, purchased, and converted, was, and ever since has been, the sum of four dollars per thousand feet, or $1,200; and judgment is demanded of said defendants for such amount, interest, and costs.

This complaint was demurred to by the defendants, on the ground of a misjoinder of defendants and causes of action. From the order overruling such demurrer this appeal is taken.

By a liberal construction of the complaint it would seem that judgment is demanded against the defendants jointly, for the value of the timber at one certain time and since that time; and that time must be when both defendants participated in the conversion, if, in view of the facts alleged, there was any such time. The sale of the timber by *Briggs* to *Sherry* was, of course, participated in by both, and was, therefore, a joint conversion. The allegations of the complaint in relation to the land of the plaintiff from which the timber was wrongfully cut, are only necessary under sec. 4269, R. S., (1) for the purpose of showing the wrongful cutting, to bring the case within said section as to the rule of damages; and (2) for the purpose of showing the plaintiff's title to the timber by his ownership of the land. The complaint is drawn under that section, which allows only the value of the timber to be recovered, and there is no damage to the freehold which can be recovered as in trespass *quare clausum*. If the cutting was wrongful, so also was the conversion by the defendants with notice of it, and then the damages are the highest market value at any time since; but if by mistake, and the conversion by the defendants with notice only of such mistake, then the damages are the value of the timber when cut. The action is to recover the possession or value of the timber cut under this section, and not for the trespass or damage to the freehold as defined by its language, and such value may be recovered as of the time when such timber was "in the possession of the

trespasser, or any purchaser from him." By this language the trespasser and his purchaser are classed together, and may be joined so far as the value of the timber is concerned, if both the cutting and the purchasing were wrongful.

This is virtually a statutory action, and not at common law. It is, perhaps, nearer an action of trover than any other, with specific damages. We are passing only on the complaint, and that joins both defendants in the wrongful conversion by explicit allegations. We cannot anticipate the answer, whether joint or several. It may be that upon the answer of the defendant *Sherry*, he may sever, and deny the allegation that he purchased with notice of the wrongful cutting; and if such notice is not proved he might be subject to a different rule of damages or defeat the action as to him. This event, however, we have no right to anticipate. The complaint makes a joint cause of action, and this is as far as the inquiry can extend on the demurrer. The purchaser is presumed to be innocent of the trespass. *Tucker v. Cole*, 54 Wis. 539; *Wright v. Bolles Wooden Ware Co.* 50 Wis. 167; *Tuttle v. Wilson*, 52 Wis. 643. But the allegations of the complaint connect the defendant *Sherry* with the wilful trespass, and make him, although a purchaser, liable to the same damages. By our statute the receiver of stolen property, knowing it to have been stolen, is liable to the same punishment as the thief. The trespasser who cut, and the *receiver* of timber knowing it to have been wrongfully cut on the land of another, by analogy, would seem to be equally intimate and joint in the wrong.

It is not uncommon that two or more are joined in the same complaint, and the allegations of the complaint, if true, would make them jointly liable, when by their answers and on the trial it may be shown that some one or more are not jointly liable, and yet the complaint would be good on demurrer. We can go no further than to say that if the allegations of the complaint be proved the plaintiff

would be entitled to a joint judgment against both of the defendants on account of their participation in the same wilful conversion. We do not decide that the wilful trespasser and the innocent purchaser can be joined, for that case is not here. The selling of the timber by *Briggs*, and its purchase by *Sherry*, constituted a joint and wilful interference with the plaintiff's timber, hostile to his right of property therein, and this is enough to give the plaintiff an action against both. *Dexter v. Cole*, 6 Wis. 319. The charges against each defendant are in separate counts or statements, but that does not change the unity of the cause of action, or make two separate and distinct causes of action. When read together, as they should be, there is stated at least one joint wilful conversion, and that is sufficient.

The question is not without difficulty; but when the conversion and the rule of damages are the same, it would seem better to make the action a joint one than to bring a separate action against each of the tort-feasors, as a recovery in one might not be a bar to the other, and a multiplicity of actions is not favored.

*By the Court.*— The order of the circuit court is affirmed.