JOSEPH DESSERT LUMBER COMPANY, Plaintiff in error, vs. WADLEIGH, Defendant in error.

*April 28 — May 16, 1899.*

*Pleading: Trespass or trover? Conversion: Damages: Evidence: Variance: Logs and lumber: Notice.*

1. A complaint, alleging that the defendant unlawfully and with force broke and entered on plaintiff's lands and cut down and carried away trees and timber and converted and disposed of the same to his own use, states a cause of action for trespass, and not in trover, and in the absence of all proof connecting him with cutting the timber or entry on the land, a nonsuit should be granted.

2. In such complaint the allegation of the conversion by the defendant is but a statement of damages consequent to the illegal entry on the land, and while evidence of conversion is proper to show such damages, it alone is not sufficient to prove the substance of the cause of action alleged.

3. The admission of evidence of the conversion without objection for variance would not entitle the plaintiff to judgment therefor, since such evidence was admissible, under the complaint, to show consequential damages.

4. Under sec. 4269, R. S. 1878, the purchaser of logs from the original wrongdoer is not liable, without allegation and proof that he had notice of the unlawful cutting, or connecting him with the original wrongdoer.

ERROR to review a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The complaint in this action, omitting the formal allegations, is as follows: "That during the winter of 1896 and 1897, the defendant unlawfully, and with force, broke and entered upon the plaintiff's land in the county of Marathon and state of Wisconsin, known and described as follows, to wit: Lots 6 and 16 of section 18 in township 26 north, of range 9 east, and there cut down and carried away trees and timber belonging to the plaintiff, of the value of $170, and converted and disposed of the same to his own use, to the damage of the plaintiff $170." The answer was a general denial. On the trial, plaintiff made proof that about 15,000 feet of timber had been cut on the lands described; that eight of these logs were found, with a lot of other logs, banked on Plover river, about three miles from this land; that the stumpage value was $4 to $5 per thousand feet, and the logs on the bank were worth about $8 per thousand feet; and that the logs at the banking place had been cut by one Luchia, and had been sold by him to defendant on the bank. It was admitted that defendant got the logs that were on the bank, drove them to his mill, sawed them into lumber, and sold the lumber. At the close of plaintiff's testimony, the defendant moved for a nonsuit, on the ground that the cause of action stated was for injury to lands, and no proof had been offered to connect the defendant with the cutting or transportation of the logs from the land. This motion was granted, and a judgment for costs was entered in favor of the defendant. Plaintiff brings the case to this court by writ of error.

For the plaintiff in error there was a brief by *Brown & Pradt* and *F. E. Bump*, and oral argument by *Neal Brown*.

*John H. Brennan*, for the defendant in error.

BARDEEN, J. While it is true that the Code has abolished the distinctions between actions at law and suits in equity, and has provided that there shall be but one form of action

for the enforcement and protection of private rights and the redress and prevention of private wrongs, yet there still exist certain elements or features pertaining to actions which are unchanged thereby. These do not belong to the action as a judicial instrument for establishing a right, but inhere to and belong to the primary and remedial rights themselves. For the enforcement and protection of these rights *but one form of action* exists, but, as to the *remedies* which lie back of all forms of action, the law still recognizes and observes distinctions which are as vital as before the Code. It is just as necessary to-day as it ever was that a suitor should so state his cause of action that the court may determine whether it be *ex contractu* or *ex delicto*. In the one case the plaintiff would have to be satisfied with a mere money judgment, while in the other an order of arrest might issue, and an execution against the body. This certainty of statement is also important for the purpose of determining the proper tribunal for the trial of the action. Under the law, certain actions are local to the extent that the trial thereof may be compelled in the county where the property affected is situated. It is therefore quite essential that the complaint should be sufficiently specific in allegation to enable the parties and the court to say whether the action be local or transitory. It is these primary rights created by the law, and the wrongs committed against them, and the remedial rights resulting from such wrongs, which are to be considered in the practical administration of justice, and which remain unaffected by the reform legislation. When a complaint is presented for judicial inspection, it is the court's first duty to ascertain the nature of the cause of action alleged, as well to protect the rights of parties as to the place of trial, as to administer the proper remedy. It is suggested that the complaint in this action has a double aspect, and may be either what was called in the old practice a complaint for trespass to lands or one of trover for the conversion of the timber. The lan-

guage of Chief Justice Dixon in *Kewaunee Co. v. Decker*, 30 Wis. 624, seems especially applicable to the contention of plaintiff's counsel in that regard. He says: "It would certainly be a most anomalous and hitherto unknown condition of the laws of pleading, were it established that a plaintiff in a civil action could file and serve a complaint, the particular nature and object of which no one could tell, but which might and should be held good as a statement of two or three or more different and inconsistent causes of action, as one in tort, one upon money demand on contract, and one in equity, all combined or fused and molded into one count or declaration; so that the defendant must wait the accidents and events of trial, and until the plaintiff's proofs are all in, before being informed, with any certainty or definiteness, what he is called upon to meet. The proposition that a complaint, or any single count of it, may be so framed with a double, treble, or any number of aspects, looking to so many distinct and incongruous causes of action, in order to hit the exigencies of the plaintiff's case or any possible demands of his proof at the trial, we must say, strikes us as something novel in the rules of pleading."

Counsel for plaintiff in error contends that his complaint may be considered one in trover for the recovery of the value of certain timber cut from the plaintiff's land. He admits that it "has some aspects" of a complaint in trespass. After reading the complaint, we are convinced that that admission was advisedly made. It not only has some of the aspects of such a complaint, but the very *likeness* of such pleading. In its formal allegations, it is almost an exact reproduction of the complaints found in the form books for injuries to real estate by cutting timber. 1 Abb. Forms, 470. It has all the attributes of a complaint for trespass *quare clausum*. It alleges the entry upon plaintiff's land, the cutting of the timber, the carrying of the same away, and conversion to the use of defendant. It was no

Joseph Dessert Lumber Co. vs. Wadleigh.

doubt intended for just what it appears on its face to be,—
a complaint for unlawful entry and cutting of plaintiff's
timber.   There was an absolute failure of proof in this re-
gard.   No proof was offered connecting defendant with the
cutting of any of the timber, or with any entry on the land.

But it is said that a recovery in this case could not have
been sustained under that portion of the complaint which
alleges a conversion of the logs by defendant.   The allega-
tion that defendant converted the logs to his own use was
but a statement of damages consequent to the illegal entry
on the land.   A very similar complaint was considered in
*Merriman v. McCormick H. M. Co.* 86 Wis. 142.   There was
a motion to make the complaint more definite and certain,
on the grounds that it alleged trespass, trover, and conver-
sion, and injury to business credit.   The court said: " There
is but one cause of action, and that is trespass *quare clausum
fregit,* and the other continuous acts of the defendants are
stated as the consequential damages arising therefrom and
connected therewith."   The argument of counsel that the
complaint was framed to meet all the contingencies of the
proof is evidently an afterthought.   The counsel is too well
versed in the law to make that suggestion, except as a last
resort.   The plan of " hitting it if it is a deer, and missing
it if it is a calf," does not prevail in legal proceedings.   " All
that goes to the administration of justice should be definite
and certain.   This is almost equally essential to the claim,
the defense, and the judgment.   When these become vague
and loose, the administration of justice becomes vague and
loose, with a tendency to rest, not so much on known and
fixed rules of law, as on capricious judgment of the pecul-
iarities of each case: on a dangerous and eccentric sense of
justice, largely personal to the judges, varying as cases vary,
rather than on abiding principles of right, controlling equally
the judgments of courts and the rights of suitors."   *Pierce
v. Carey,* 37 Wis. 232.

Again, it is said that the evidence of the conversion came in without objection for variance, and therefore plaintiff was entitled to judgment. The difficulty with this position is that such evidence was proper, under the complaint, to show consequential damages. The defendant was not bound to anticipate that there was to be a failure of proof of the substantial matters alleged as a basis of the cause of action. When the plaintiff's case ended, he took the only course open by moving for a nonsuit for failure of proof. The plaintiff stood upon its complaint as being one for conversion. It departed entirely from the original purpose and scope of the action, and sought to make the allegation of consequential damage stand as the substance of the cause of action alleged. That this was not permissible seems evident when we come to consider that, in the one case, the action is local and triable in the county where the land is situated; and in the other, transitory and triable in the county of the defendant's domicile. A complaint cannot be made to serve the purpose of a dragnet.

It is further suggested that the action can be supported as one under sec. 4269, R. S. 1878, and that the defendant can be made liable as a purchaser of the logs from the original wrongdoer. That section refers to trespassers and purchasers " with notice " of such unlawful cutting. There was no proof that defendant had any such notice. So far as the evidence discloses, the defendant was an innocent purchaser of the logs without notice, and, without allegation and proof connecting him with the original wrong done, the action cannot be sustained under that section. See *Tuttle v. Wilson,* 52 Wis. 643. The case of *Swift v. James,* 50 Wis. 541, comes the nearest to sustaining the plaintiff's contention of any in the books. It is an extreme case, and must be limited to the facts as therein disclosed. The complaint alleged an unlawful entry upon lands in Michigan, the cutting of timber, the carrying away, and a conversion of the same in the cities of

Milwaukee and Chicago. The opinion says that, while the complaint might have been sustained as one for trespass *quare clausum* if the action had been brought in Michigan, yet, the suit having been brought in this state, where an action for the original trespass could not be maintained, the allegations of the original trespass might be treated as surplusage, and the action sustained here for conversion. The court evidently ignored the principle, recognized in *Merriman v. McCormick H. M. Co., supra*, that the allegation of conversion was merely supplemental to the trespass alleged, and inserted to allow proof of the consequent damages.

It is unnecessary to prolong this discussion. We feel quite clear that the cause of action alleged is for injury done to real estate; and, there being no proof connecting defendant therewith, the nonsuit was proper.

*By the Court.*— The judgment of the circuit court is affirmed.