Klipstein, Appellant, vs. Raschein, Respondent.

*February 24—March 21, 1903.*

*Action, tort or contract? Pleading: Liberal construction: Amend-
ment: Changing form of action: Sales: Fraudulent warranty:
Instructions: Evidence: Conduct of trial judge.*

1. A complaint alleging that, during negotiations for the purchase
   of a horse by plaintiff from defendant, the latter, in reply to a
   question by plaintiff, represented and warranted the horse to
   be suitable for certain work, well knowing that the animal
   was entirely unfit for that work; that plaintiff, relying upon
   such assurance, bought the horse; and that plaintiff was dam-
   aged by the breach of warranty—is *held* to state, by reasonable
   inference, that the false representation was made with intent
   to induce the plaintiff to purchase, and hence to state a cause of
   action for damages for a fraudulent warranty.
2. In an action to recover damages for a fraudulent warranty on
   sale of a chattel, leave to strike out the allegations showing
   fraud, so as to change the action to one on contract, was prop-
   erly denied.
3. An instruction, in such case, as to what would constitute a war-
   ranty, leaving out the element of fraud, on the theory that the
   action was on contract, was properly refused.
4. An instruction in such case, that plaintiff was bound to establish
   the facts constituting fraud "by a clear preponderance of the
   evidence," is *held* not erroneous, although the better way of
   stating the rule is that such facts must be established "by clear
   and satisfactory evidence."
5. Error assigned because the trial judge, by his manner while in-
   structing the jury, prejudicially impressed them against the
   appellant, is not available on appeal in the absence of anything
   in the record to show such conduct.

Appeal from a judgment of the circuit court for Sauk
county: R. G. Siebecker, Circuit Judge. *Affirmed.*

For a complaint plaintiff stated, in effect, that during nego-
tiations had by him with defendant respecting the purchase of
a horse he asked defendant if the animal was suitable for farm
work and would work well in hauling heavy loads, to which
answer was made in the affirmative and that defendant would
warrant the horse in that regard; that plaintiff relied upon

such assurance and bought the horse of defendant, paying him therefor $125; that the animal was in fact a balky horse and entirely unfit for use on a farm or for hauling heavy loads; that ·defendant well knew such to be the case when he made the representations aforesaid; that upon plaintiff's discovering the facts in regard to the true character .of the horse he tendered the animal back to defendant and demanded a return of his money, which demand was refused, and that plaintiff was damaged by the breach of warranty alleged in the sum of $100, for which he asked judgment with costs.

Defendant answered, denying the allegations of the complaint as to the horse being balky or being warranted to plaintiff in any manner. The court construed the complaint as setting forth a cause of action to recover damages upon a fraudulent warranty. During the trial plaintiff applied for leave to strike out of the complaint the allegations which in the judgment of the court gave it the character of one for the recovery of damages for actionable fraud. The application was denied. The case, under the rulings of the court, against objections of appellant's counsel, was tried and submitted to the jury as an action sounding in tort. The verdict was in defendant's favor.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans* and *H. H. Thomas.*

For the respondent there was a brief by *Bashford, Aylward & Spensley,* and oral argument by *J. A. Aylward.*

MARSHALL, J. The first proposition to be considered is that the court erred in holding that the cause of action set forth in the complaint is for damages for a fraudulent warranty. It is conceded that the making of false representations by defendant respecting the quality of the horse, with knowledge of their falsity on his part, and reliance thereon by plaintiff, are plainly pleaded in the complaint; but it is

said that in addition thereto an express allegation is necessary to the effect that the false warranty was made with intent to induce the plaintiff to purchase the horse at the time of the negotiations, in order to make out a complete statement of a cause of action sounding in tort. We cannot agree with that view. Under our liberal rules of pleading all facts which appear, upon reading a pleading, by reasonable inference from the language found therein, are said to be as effectually stated as if literally expressed. Sec. 2668, Stats. 1898, provides that, "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties." "Every reasonable intendment and presumption is to be made in favor of the pleading." That valuable aid in the administration of justice, enabling courts to ignore technicalities and mere matters of form not affecting substantial rights of parties, has perhaps not always been applied in letter and spirit. Counsel cite to our attention and rely upon instances of that. However, the general trend of our decisions, it is believed, has been universally in the direction of giving full effect to the rule of the Code, that matters essential to good pleading, not found therein by words taken in their literal sense, are deemed sufficiently stated, nevertheless, if they may be reasonably presumed to exist from matters which are expressed. There are many decisions to that effect which might be cited. We refer to but a few of them: *Morse v. Gilman,* 16 Wis. 504; *Flanders v. McVickar,* 7 Wis. 373; *Horn v. Ludington,* 28 Wis. 81; *Merrill v. Merrill,* 53 Wis. 522, 10 N. W. 684; *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869; *South Bend C. P. Co. v. George C. Cribb Co.* 97 Wis. 230, 72 N. W. 749; *Kliefoth v. Northwestern I. Co.* 98 Wis. 495, 499, 74 N. W. 356; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 133, 79 N. W. 229; *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, 442, 78 N. W. 1096. It does not need discussion to demonstrate that the allegation that defendant know-

ingly falsely represented to appellant the character of the
horse to be the kind of an animal the latter desired to obtain,
during the negotiations between the parties in respect to the
subject, states, by reasonable inference, that the false repre-
sentations were made to induce just what occurred, the pur-
chase of the horse by appellant.

It is claimed the court erred in refusing appellant's appli-
cation to strike out of the complaint the allegations showing
that defendant falsely represented the character of the horse
with actual or constructive knowledge of the facts.    To sus-
tain that cases are cited where, there being two causes of ac-
tion set out in the complaint, one sounding in tort and one in
contract, and there being no demurrer for misjoinder of
causes of action, it was held proper to allow a recovery upon
one of them and to permit the other to be stricken out or dis-
regarded as surplusage.    The situation is different here.
True, the complaint contains all the allegations necessary to
state a cause of action on contract, but no such cause of action
was in fact stated or attempted to be stated.    What appel-
lant's counsel desired was not to strike out one cause of ac-
tion from the complaint and leave another, but to strike out
one part of a cause of action, leaving the balance to stand as
setting forth a cause of action of an entirely different char-
acter,—to amend the complaint by changing the form of the
action.    That is not permissible.    The limit of the power of
the court to allow amendments of pleadings will be found
fully discussed in *Gates v. Paul, ante,* p. 170, 94 N. W. 55.
The rule stated definitely in *Carmichael v. Argard,* 52 Wis.
607, 609, 9 N. W. 470, and *Post v. Campbell,* 110 Wis. 378,
382, 85 N. W. 1032, governs the subject.

Complaint is also made because the court instructed the
jury that plaintiff, in order to recover, was bound to produce
the greater weight of evidence to establish the facts alleged
constituting fraud; that he was bound to establish his case
"by a clear preponderance of the evidence."    The learned

circuit judge stated in detail the particular facts in issue necessary to establish the fraud charged, and then said: "If the proof fails to establish any of these material facts by a clear preponderance of the evidence then the plaintiff cannot recover." Cases are cited to our attention where fraud was not involved, nor any criminal fault, in which it is held that the true rule to be given to the jury is that the plaintiff, in order to recover, must establish his cause of action by a preponderance of the evidence, or satisfy the jury by a preponderance of the evidence. But it should not be overlooked that a somewhat greater degree of certainty as to the existence of facts required to make out the plaintiff's case is necessary where the defendant is charged with fraud, and especially where the charge is such as, if true, would indicate that he committed a criminal offense of some character, such as that of obtaining money under false pretenses. The rule laid down in *Poertner v. Poertner,* 66 Wis. 644, 29 N. W. 386, is that the facts constituting culpable liability should be made out by the "clear and satisfactory preponderance of the evidence." It will be observed that the language complained of is so near that used by this court in that case as to suggest that the learned circuit judge, in giving the instructions complained of here, had the same in mind. It is commonly said in cases of this kind, that the plaintiff is required to establish his cause of action by clear and satisfactory evidence. *Blaeser v. Milwaukee M. M. Ins. Co.* 37 Wis. 31; *F. Dohmen Co. v. Niagara F. Ins. Co.* 96 Wis. 38, 52, 71 N. W. 69. That is in accordance with the rule laid down in the text-books. Jones, Evidence, § 190. It justifies the charge complained of. We can see no substantial difference between establishing a cause of action or the facts constituting a cause of action or defense by a clear preponderance of the evidence and establishing the same by the greater weight of evidence or establishing the same clearly and satisfactorily. In the very nature of things no fact can be established to a reasonable certainty, the cer-

tainty required in any civil action, by less than a preponderance of the evidence, nor established with such certainty, clearly, by less than a clear preponderance of the evidence, the clear weight of evidence. The phrase usually employed in instructing juries, and the one that has been most frequently applied, and which in our judgment is the better way of stating the rule, is that the facts constituting the fraud must be established by clear and satisfactory evidence. We are inclined to favor that form of expression, though it means substantially the same as the one used by the trial court.

Error is assigned because the trial judge reiterated the rule in instructing the jury, as to plaintiff being bound to establish the fraud by a clear preponderance of the evidence in order to entitle him to recover, and because, by his manner while instructing the jury, he prejudicially impressed them against the defendant. We have no way of seeing from here the manner of the trial judge in instructing the jury, and since the instruction reiterated was proper and was not unreasonably repeated, we cannot hold that there was any prejudicial or other error in the matter. Doubtless a correct rule of law in a case may be given to a jury, accompanied by such manifestations by the trial judge as to indicate how the judicial mind leans in respect to the right of the plaintiff or defendant; but there is nothing before us to indicate that any such thing occurred upon the trial in question.

Appellant assigns error because the court refused to give this instruction:

"You are instructed that if from the entire conversation had between the plaintiff and defendant at the time of the sale the defendant gave the plaintiff to understand that the horse was good and all right and suitable for the purpose to which plaintiff would reasonably be expected to put the horse, then that conversation as an entirety constitutes the warranty."

The charge was properly refused because the elements referred to did not constitute the warranty charged. The in-

struction requested left out the element necessary to consti-
tute the fraudulent warranty set up in the complaint. The
instruction was presented to the court upon the theory that
the complaint was upon contract. Our decision as to the
character of the pleading in effect decided that the instruction
asked, on the theory that the cause of action was upon con-
tract instead of to recover for deceit, was properly rejected.

Several minor matters are referred to in the briefs of coun-
sel for appellant which we will not specially refer to. All
that really merit attention are involved in the questions of
whether the complaint was to recover on contract or for a
tortious wrong, and whether the rule of law in respect to the
*quantum* of proof required to entitle plaintiff to recover, was
proper. The decision upon such questions renders the other
matters referred to in appellant's brief immaterial.

*By the Court.*—The judgment is affirmed.