GRUNERT, Respondent, vs. BROWN and another, imp., Appellants.

*June 2—September 29, 1903.*

*Pleading: Cause of action: Wrongful cutting of timber: Action for trespass or for subsequent conversion? Limitation of actions: Dismissal as to part of the defendants.*

1. Where a complaint makes no attempt to state several separate causes of action, it must be construed as being intended to state some particular one of those which might arise out of the facts alleged; and when the intention of the pleader in that respect is ascertained, all other causes of action are excluded.
2. A complaint alleged that defendants wrongfully cut and removed logs from certain lands in which plaintiff's assignor owned an undivided interest, wrongfully manufactured the same into lumber, intermixed it with other lumber, sold and delivered the whole to persons unknown, and converted the

proceeds to their own use; and that plaintiff's assignor suffered damage "by reason of said several acts of conversion." It also alleged that plaintiff's assignor owned an undivided interest in the lumber after its manufacture from the logs. It appeared that the original cutting and removal was done by certain of the defendants, that the logs were made into lumber by their vendee, and that the subsequent sales and delivery of the lumber were the acts of other defendants. *Held*, that the cause of action stated was for the original cutting and taking of the logs, the defendants not participating in such trespass being joined pursuant to sec. 4269, Stats. 1898, as being purchasers with notice.

.3. The action in such case was barred if not commenced within six years after the date of the original trespass; and a dismissal as to all defendants except those who had been guilty of a subsequent conversion of the lumber could not alter the nature of the action or change the date from which the limitation began to run.

Appeal from a judgment of the circuit court for Wood county: Chas. M. Webb, Circuit Judge. *Reversed.*

On September 26, 1891, Bray and Choate claimed to be owners in fee of certain lands in Oneida county, of which, however, one Coleman was in fact owner of an undivided one-quarter by the same title which was involved in the case of *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589. On that date Bray and Choate, by warranty deed, sold to one A. D. Smith all the pine timber growing upon said lands, both parties in good faith assuming that the grantors were such owners. Said Smith, in partnership with Charles F. Smith, cut said timber into logs, and later removed them from said premises, prior to May 1, 1892, when such logs, mingled with a large amount of other logs, were sold to the Eagle Lumber Company, which company, between that date and about November 1st, manufactured all of said logs into lumber, and piled the same for drying in its lumber yards, so that the lumber made from the logs cut from the land in question was inextricably mingled with the lumber from an equal or larger amount of other logs. After November 1, 1892,

the appellants, *Flanner* and *Brown,* under a commission contract with the Eagle Lumber Company, negotiated sales for such of said lumber as had not previously been sold in the log by that company, and superintended the sorting, grading, and shipping out of all of the lumber in the yards to various persons, most of them out of the state of Wisconsin.

On September 26, 1898, plaintiff commenced suit, alleging assignment by Coleman to him of all rights of action for the wrongful cutting and conversion of said logs and lumber, or the interest of Coleman therein, and asserting that the defendants, who included the Smiths, Rib River Lumber Company, and *Flanner* and *Brown,* wrongfully cut and removed the logs from said premises, wrongfully manufactured the same into lumber, intermixed the same with other lumber from which it could not be distinguished or separated, and sold and delivered the same to persons unknown, and upon such sale the defendants converted the proceeds to their own use. The defendants admitted the cutting and removal by the Smiths, the sale of the logs to the Eagle Lumber Company, and their manufacture into lumber, and intermingling of same inextricably with other lumber by that company, and the acts of the appellants in making sales and shipments of said lumber on behalf of the Eagle Lumber Company. They also set up the various statutes of limitations.

Upon the trial the plaintiff dismissed as to the Smiths and as to the Rib River Lumber Company, and judgment was entered against the defendants *Flanner* and *Brown* for the stipulated value of Coleman's one-quarter interest in all of the logs cut by Smith from the described lands, from which judgment said last-mentioned defendants appeal.

For the appellants there was a brief by *Hooper & Hooper,* attorneys, and a separate brief by *John Barnes,* of counsel, and oral argument by *Moses Hooper* and *John Barnes.*

*H. O. Fairchild,* of counsel, for the respondent.

The following opinion was filed July 3, 1903:

DODGE, J. The view reached by this court upon one of the questions presented is so conclusive upon the whole case as to render unnecessary discussion and decision of others, quite numerous, and involving much of difficulty, if not doubt. In *Joseph Dessert L. Co. v. Wadleigh,* 103 Wis. 318, 79 N. W. 237, it was said at the pen of our late Brother BARDEEN: "When a complaint is presented for judicial inspection, it is the court's first duty to ascertain the nature of the cause of action alleged." The reasons for reaching certainty on such question as preliminary to further consideration of the cause were so admirably expressed in that case that nothing can well be added. Upon plaintiff's theory of the facts existing when the complaint was framed, it can hardly be doubted that he had two or more causes of action. First, he was wronged by the original severance and taking of the logs; next, when they came to the Eagle Lumber Company by purchase and it so acted with reference to them as to work an invasion of plaintiff's ownership, and again when the lumber was taken possession of by the appellants and by them shipped away,—if, indeed, there be anything in the facts to convict them of conversion at all. Each of these constituted a distinct wrong against plaintiff, but in which some at least of the defendants did not at all participate, except as by virtue of sec. 4269, Stats. 1898, all subsequent dealers are deemed to be participants in the original severance and taking of the property. *Smith v. Briggs,* 64 Wis. 497, 25 N. W. 558. The complaint makes no attempt to state several separate causes of action. It must therefore be construed as stating some particular one of those which might arise out of the facts which it summarizes. The intention of the pleader as to which one must be ascertained from the document itself in the light of the facts as more amplified by the evidence. When that cause of action is discovered, all others are excluded; for he cannot be permitted to attack with a weapon arranged to "hit if a deer and miss if a calf," as stated in

*Joseph Dessert L. Co. v. Wadleigh, supra.* It is not enough that he may have stated facts out of which may be spelled one cause of action, if there is also stated another, which is obviously the primary and dominant one. *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63.

It therefore becomes necessary to decide for which of the wrongs committed against the plaintiff this action is brought—whether for the original severance and taking of the timber by the Smiths, or for the alleged sale and shipment of the lumber by *Flanner* and *Brown.* It must at once be conceded that this complaint is more complex and less direct than that considered in *Joseph Dessert L. Co. v. Wadleigh, supra,* but, on the other hand, it presents some *indicia* of the pleader's purpose which were not there found. In that case the single defendant was the person who both cut the trees and disposed of the product. He might have been sued for either act, and there was no joinder of others whose presence was proper to one cause of action, but improper to another, as in the case at bar. Both cases are alike, however, in that in both the wrongful severance and the conversion are alleged—a circumstance which is very significant, for the wrongful cutting of the timber is in no wise essential to the statement of a cause of action for the conversion charged upon the appellants. Title in plaintiff to the lumber sufficed to support that action, without regard to whether the original cutting was in defiance or recognition of his ownership of the land. We do not mean to declare that the allegation that the original cutting and removal of the logs was wrongful and in wilful and deliberate denial of the rights of plaintiff's assignor, would render demurrable a complaint clearly seeking recovery for some subsequent conversion of the lumber, but that it is so unessential to such cause of action, and so essential to a different one, that its presence is highly significant of the pleader's purpose. On the other hand, all the allegations of transactions subsequent to the original taking were

germane and material to an action therefor, such as is au-
thorized by sec. 4269, Stats. 1898, against the original takers
and the subsequent handlers.   Another element of the com-
plaint is joinder of defendants wholly inconsistent with an
action to recover for a conversion of the lumber by the acts
of the appellants in selling and shipping it after it had passed
through the intermediate possession of the Eagle Lumber
Company, and manufacture by them, and after all association
of the Smiths therewith had terminated.   Such specific act
of conversion, if such it was, was committed solely by appel-
lants, and the Smiths were not permissible parties to an ac-
tion therefor.   2 Addison, Torts, § 543; *Dahms v. Sears,*
13 Oreg. 47, 65, 11 Pac. 891; *Cooper v. Blair,* 14 Oreg. 255,
12 Pac. 370; *Ray v. Light,* 34 Ark. 421, 431.   Such joinder
is said to be a very significant fact, sufficient to turn the scale
in a doubtful case.   *Francisco v. Hatch,* 117 Wis. 242, 247,
93 N. W. 1118, 1120.   As already pointed out, the joinder of
appellants is entirely proper to an action under the statute to
recover damages for the original cutting and removal of the
timber.   *Smith v. Briggs, supra.*   Again, it is alleged that
plaintiff's damages resulted, not from the final act of selling
and shipping the lumber with which alone the appellants had
any connection, but from the "several acts of conversion,"
commencing with the cutting of the timber.   Recovery could
be had in one action for such several distinct acts of conver-
sion as the evidence discloses, only by virtue of the statute
connecting them with the original act.

We do not overlook the fact that the complaint, with some
industry, alleges that plaintiff was owner of the lumber at
Rhinelander in 1893 and spring of 1894, of which no proof
was made.  That allegation is doubtless consistent with an at-
tempt to state a cause of action for a conversion of the lum-
ber at or after that time, and is to be given due weight.   It
serves, however, only to bring the situation within both *Jo-
seph Dessert L. Co. v. Wadleigh,* 103 Wis. 318, 79 N. W.

·237, and *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63, where the complaints stated all the facts necessary to constitute the repudiated cause of action, but 'nevertheless were held not to state it, but a different one. We do not think the ·presence of this allegation sufficient to overcome the effect of all the other *indicia* of the pleader's main and primary purpose.

For the reasons above stated, we cannot avoid the conclusion that the action when first brought, as defined by the complaint, was one for the cutting and taking away of timber belonging to plaintiff by the two Smiths, to which the joinder of appellants, who did not participate therein, was authorized by sec. 4269, Stats. 1898, making them liable for the damages thence resulting.

This being, then, an action to recover damages resulting from the wrong committed against plaintiff by the wrongful cutting and removal of his timber, which confessedly occurred more than six years before the action was commenced, we can entertain no doubt that the bar of the statute of limitations was complete. That limitation began the moment the cause of action accrued. The cause of action had completely accrued before the delivery of the logs to the Eagle Lumber Company and before they were manufactured into lumber. On any day for more than six years prior to September, 1898, plaintiff might have commenced his action. There is no escape from the obvious conclusion in the fact that some of the parties, who, by virtue of the statute, might become liable to a judgment in that action, were not ascertained until later. That statute carries a right of recovery of damages along and imposes it upon any who may become purchasers with notice at any time before trial, but it is the same cause of action, accrued at the time of the original taking, and becomes barred at the end of six years. If we concede, as plaintiff contends, that he has an election whether he will sue upon one wrong or another in a series of conversions,

he must, but for the statute, sue separately for each, with certainty of expense and possibility of failure to collect in some. Only when he elects to sue for the first wrong can he avoid that peril and join the subsequent conversioners. If he elects to avail himself of that statutory privilege, he must accept the statutory burden of diligence with it.

We therefore conclude that the present action was, at the time of its commencement, barred by the statute of limitations, duly pleaded. The dismissal as to certain of the defendants upon the trial could not change the nature of the action, and transpose the suit into one to recover for another and separate wrong. Judgment for all the defendants should have been rendered upon the facts found.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the defendants.

Upon a motion for a rehearing there was a brief by *Greene, Fairchild, North & Parker,* attorneys for the respondent, and a brief by *Hooper & Hooper,* for the appellants.

The motion was denied September 29, 1903.