NORTH SIDE LOAN & BUILDING SOCIETY, Appellant, vs. NA-
KIELSKI, imp., Respondent.

*February 23—March 20, 1906.*

*Pleading: Complaint: Prayer: Amendment: Construction: Cause of*
*action, at law or in equity?*

1. In an action on the bond of a defaulting treasurer of plaintiff the
complaint alleged, in substance, that certain words making the
bond applicable to the then present term of the treasurer had
been omitted by mistake; that the treasurer had misappropri-
ated the moneys of the plaintiff; that he failed to keep proper
accounts and pay over to his successor a named balance, part of
which he had loaned himself contrary to the regulations of the
plaintiff society; and that of many of the details of the treas-
urer's transactions plaintiff was ignorant by reason of such
treasurer's failure to keep or file any accounts, and concluded
with a prayer for recovery from all the defendants (principal
and sureties) of the named sum. On motion the court ordered
that the complaint be made more definite and certain, where-
upon an amended complaint was served setting up all that was
in the original one, an allegation of the misappropriation of
another definite sum, and more fully and definitely asserting
the inability of plaintiff to state any further details by reason
of knowledge with reference thereto being in the treasurer and
having been wrongfully withheld from the officers of the so-
ciety, and prayed (1) a reformation of the bond; (2) discovery
and accounting by the treasurer for his transactions and ar-
rearages; (3) judgment for the amounts so ascertained in a
definite sum. *Held:*

    (1) Apart from the prayer the original complaint stated a
cause of action in equity.

    (2) The amendment went no further than to somewhat am-
plify the facts stated in the original complaint, and to pray cer-
tain steps by the court within its equity powers necessary to
enable granting the same relief prayed in the former pleading.

2. The prayer of a pleading is no part of the cause of action, and
while in construing a pleading, where the facts alleged leave
doubt as to the cause of action which the pleader intended to
present, the prayer may be often helpful in elucidating that in-
tent, if a cause of action is clearly set out it cannot refute it.

3. In view of the limitation imposed by sec. 2830, Stats. 1898 (that
amendment of complaints shall not substantially change the

claim), the right of the plaintiff to amend before the time for answering has expired is subject to the limitation that the inherent difference between tort and contract and between law and equity cannot be ignored.

4. Where a complaint sets forth all the facts warranting equitable relief, the prayer may, before the time for answering has expired, be amended to demand other and further relief consistent with the cause of action originally described in the allegation of facts.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The complaint of the plaintiff alleged the election of defendant Schramka as its treasurer in March, 1903, and the subsequent giving of a bond with the other two defendants as sureties, conditioned, among other things, that said Schramka "shall, at all times, in and during any succeeding term for which he may hereafter be elected as such treasurer" perform his various duties as treasurer, including the keeping of books, accounts, and vouchers, and the accounting for all moneys, books, notes, mortgages, and other instruments in favor of the society during his continuance in said office, and the proper disbursements and accounting for all moneys that should come to his hands, and the delivery and payment to his successor of all property and moneys; that, by mistake of the scrivener and contrary to the intention of all parties, there was omitted in the above quotation, after the word "during," the words "the term for which he was elected and," and that the intention of all parties was to execute a bond having such omitted words in it. The complaint further generally alleged that the defendant Schramka had breached his duties, misappropriated moneys, and failed to keep or make any account or record of transactions, and that he had paid out large amounts of money contrary to regulations and without proper authority; that he had failed to report or pay over to the society moneys collected by him for it; that he had received upwards of $100,000 and had failed to account therefor, and had

failed to pay or account to his successor for the balance of $14,822 remaining in his hands, and that of said sum he had pretended to loan $4,000 to himself, contrary to the regulations of the society, upon a pretended second mortgage; that as to many of the details of said money transactions the plaintiff was ignorant by reason of said Schramka failing to keep or file any accounts. The complaint concluded with a prayer for the recovery from all of the defendants of said sum of $14,822. On motion of defendant *Nakielski* the court ordered that the complaint be made more specific in certain definite respects. Within the time limited for answering the complaint, and after said order, the plaintiff filed an amended complaint setting up all that was in the original one, besides another alleged misappropriation of the sum of $2,000, and more fully and definitely asserting the inability of the plaintiff to state any further details by reason of knowledge with reference thereto being in the defendant Schramka and having been wrongfully withheld from the officers of the society, and prayed (1) a reformation of the bond by inserting the words making it applicable to the term for which Schramka was elected; (2) for discovery and accounting by Schramka of his transactions and arrearages; and (3) for judgment for the amounts so ascertained in the sum of $14,822. This amended complaint was returned by defendants, upon the stated reason that it attempted to change the cause of action from law to equity and that it did not contain facts sufficient to constitute a cause of action, and they moved that said amended complaint be stricken out and that the original complaint be dismissed for failure to comply with the order to make more specific. Whereupon the court ordered said amended complaint to be stricken out with leave to plead over within ten days. Thereupon the plaintiff gave formal notice of its intention to stand upon the amended complaint and its refusal to serve another. Whereupon judgment was ordered and entered dismissing the plaintiff's complaint, and adjudging that the plaintiff take

nothing thereby as to the defendant *Nakielski*, in whose favor costs were adjudged. From this judgment plaintiff appeals.

For the appellant there was a brief by *James C. Officer* and *Timlin & Glicksman*, and oral argument by *W. H. Timlin*.

For the respondent there was a brief by *Hoyt, Doe, Umbreit & Olwell*, attorneys, and *Frank M. Hoyt*, of counsel, and a separate brief signed by *Moritz Wittig*, attorney, for defendant *Mayer*, and oral argument by *Mr. Hoyt*.

Dodge, J.    We find ourselves unable to agree with the trial court that the amended complaint should have been stricken out. That document went no further than to somewhat amplify the facts stated in the original complaint, and to pray certain steps by the court within its equity powers necessary to enable granting the same relief prayed in the former pleading. Apart from the prayer the original complaint clearly and unambiguously states a situation arousing the power and duty of a court of equity to apply its peculiar methods in order to accomplish justice between the parties; and it contains industrious statement of facts having no relevancy whatever to any mere action at law which could be based upon the written instrument set forth. In *Jos. Dessert L. Co. v. Wadleigh,* 103 Wis. 318, 320, 79 N. W. 237, it was said:

"When a complaint is presented for judicial inspection, it is the court's first duty to ascertain the nature of the cause of action alleged, as well to protect the rights of parties as to the place of trial, as to administer the proper remedy." Approved in *Klipstein v. Raschein*, 117 Wis. 248, 94 N. W. 63; *Grunert v. Brown*, 119 Wis. 126, 129, 95 N. W. 959.

In the *Klipstein Case* an allegation that defendant knowingly made certain false warranties was held sufficient to show conclusively that plaintiff intended an action in tort and not on contract, although all the facts to support recovery on contract were present. Such reason would in the present case enforce the conclusion that the plaintiff intended to state a cause

of action in equity, for to no other end could he have alleged mistake in writing the bond, or knowledge by defendant of the amounts and acts essential to a recovery, and plaintiff's ignorance thereof. *Somervaill v. McDermott,* 116 Wis. 504, 93 N. W. 553. But it is urged the prayer is for purely legal relief, namely, merely a judgment for a sum of money. Such relief is, however, equally within the power of a court of equity, though ordinarily to be had in that jurisdiction only when other of its powers are sought to be invoked also. The most, therefore, that can be said of the prayer is that it did not demand all the activities of the court to which the cause of action stated by plaintiff entitled him. In construing a pleading where the facts alleged leave doubt as to the cause of action which the pleader intended to present, the prayer may often be helpful in elucidating that intent. *Gillett v. Treganza,* 13 Wis. 472; *Topping v. Parish,* 96 Wis. 378, 381, 71 N. W. 367. But, after all, the prayer is no part of the cause of action (Pomeroy, Cod. Rem. [4th ed.] § 471), and, if that is clearly set out, cannot refute it. We recently declared:

"In treating a complaint to determine whether it is single or double as regards primary rights, the different objects in view by the pleader as indicated by the prayer for relief are not controlling. They are of no significance whatever, except to aid in clearing up obscurities that may exist as to whether he intended to state facts showing a violation of distinct primary rights or not. When there is no obscurity in that regard, the statement of facts upon which the prayer for relief is based alone speaks." *South Bend C. P. Co. v. George C. Cribb Co.* 105 Wis. 443, 447, 81 N. W. 675. See, also, *Fischer v. Laack,* 76 Wis. 313, 321, 45 N. W. 104.

It is, of course, settled law in this state that those inherent differences between tort and contract and between law and equity cannot be ignored by courts in allowing amendments of complaints, in view of the limitation imposed by sec. 2830, Stats. 1898, that such amendments shall not substantially

change the claim. *Jos. Dessert L. Co. v. Wadleigh, supra;* *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55. It has also been held that the right of a plaintiff to amend before defendant has been put to his defense under sec. 2685, Stats. 1898, has some limitation, although the statute imposes none. *Carmichael v. Argard,* 52 Wis. 607, 9 N. W. 470. It is, however, no infringement of the rule of these cases to hold that, to a complaint which sets forth all the facts warranting equitable relief, the prayer may be amended to demand other and further relief consistent with the cause of action originally described in the allegation of facts within the period limited by sec. 2685, Stats. 1898, and by authority of that section.

Concluding, as we must, therefore, that the service of the amended complaint was within the plaintiff's right, of course the order striking out the same, as also judgment dismissing the action, were both erroneous. That complaint fully excused any lack of particularity by reason of plaintiff's ignorance of details resulting from defendant's breach of duty to inform it of his official acts, and presented a situation calling for the exercise of the court's equitable power to impose the duty of accounting in the first instance upon such defendant. *Somervaill v. McDermott, supra.*

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.