BIERI, Respondent, vs. FONGER, Appellant.

*March 31—April 20, 1909.*

*Trespass: Possession by wife: Entering dwelling house: Pleading: Sufficiency of complaint: Amendment to conform to proof: Presumption of amendment on appeal.*

1. The entry by a person into the home of husband and wife for an unlawful purpose without the wife's consent, she being by reason of the absence of her husband exclusively in possession of the premises, is a trespass to realty—a violation of the wife's possession.

2. If facts stated in a complaint constitute a good cause of action, though not the one the pleader intended, the pleading is good as against a general demurrer.

3. In testing a complaint for sufficiency the question is not whether it states the cause of action the pleader had in mind, or states the facts essential to a cause of action with technical accuracy and certainty, but is whether, giving the pleading the benefit of every reasonable inference, it expressly or by such inference, or both, states a good cause of action.

4. If a good cause of action is established on the trial and all controversies in reference to the matter are fully tried without objection, and such cause is within the jurisdiction of the court and might have been but was not fully pleaded, or was not the particular cause of action the pleader had in mind at the outset, though the facts are fairly stated, the complaint may be amended to conform to the proof, either before or after verdict, saving the substantial rights of the adverse party.

5. In such situation, if necessary to sustain the judgment, the complaint will, on appeal, be deemed amended according to the judgment.

6. Where a complaint states a cause of action for an assault and battery, and in addition states, defectively, a cause of action for trespass to realty but in a manner indicating that a cause of action of that character was in the pleader's mind, the complaint is good on demurrer because of the facts stated constituting the cause of action for assault and battery.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover on facts stated, as follows:

First. Plaintiff has been, for nine years, a married woman, living with her husband.

Second. August 2, 1906, defendant "unlawfully and wrongfully went upon the premises occupied by plaintiff, and then and there, unlawfully and wrongfully, solicited criminal conversation with plaintiff, and then and there, unlawfully and wrongfully, assaulted and beat her, whereby the plaintiff was put in great fear and caused to suffer great pain, suffering, and torture of body and mind;" to her damage in the sum of $5,000.

The answer put all material allegations of the complaint in issue.

There was evidence tending to prove that, at the time alleged, plaintiff was a married woman living with her husband, who was temporarily away from home; that defendant entered upon the premises occupied by plaintiff and her husband for the unlawful purpose of soliciting and obtaining carnal knowledge of the body of plaintiff, and, to that end, that he made indecent proposals to her, pressed her to drink whisky with him, and laid violent hands upon her for his unlawful purpose, and desisted only after having been several times struck by the plaintiff with a stove poker; that she was pregnant at the time and suffered much disturbance of mind for a long time after the event as a result thereof.

The cause was submitted to the jury as an action for assault and battery, resulting in a verdict in plaintiff's favor for $900. Several days after the close of the trial, but during the trial term, defendant, by his counsel, excepted to that portion of the charge submitting the case for damages in favor of plaintiff in case they found the assault alleged was committed, without reference to whether the alleged trespass to the premises occupied by her occurred or not.

A motion for a new trial was made based, among other things, on the exception aforesaid and that the verdict was excessive. Judgment was rendered for plaintiff upon the verdict and defendant's motion denied.

For the appellant there were briefs by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

*W. P. Crawford,* for the respondent.

MARSHALL, J. The claim of appellant that the cause of action set forth in the complaint was for trespass to real estate; that the allegations to the effect that appellant was guilty of physically violating the person of respondent, laying himself liable to a civil action for assault and battery, were stated as aggravating characteristics of such trespass,

and that there was no proof of the latter trespass, hence was a failure of proof entitling appellant to a dismissal of the case,—cannot be approved for the following two reasons:

Conceding for the moment that the pleader purposed declaring in trespass to realty, the proof was undisputed that, if the assault and battery alleged to have occurred happened, there was a violation of respondent's possession of the premises when the deed was perpetrated. The situation is thus ruled by *Ford v. Schliessman,* 107 Wis. 479, 83 N. W. 761, where it was held, in effect, that entry by a person to the home of husband and wife for an unlawful purpose without her consent, she being by reason of absence of her husband exclusively in possession of the premises, is a trespass to realty, a violation of the wife's possession.

In view of the foregoing the finding of the jury that respondent told the truth as to appellant's conduct, in effect, found that he committed the trespass which is now claimed was the real gravamen of the cause of action set forth in the complaint.

Aside from the foregoing it is considered respondent made out a cause of action disclosed by the complaint. It is not the law, under our liberal rules of pleading and the statutory rule that the court will, "in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect," that, in all circumstances, a recovery consistent with the evidence and facts pleaded, but not with the cause of action the pleader had in mind in drafting his complaint, can be successfully challenged after verdict. If facts are stated constituting a good cause of action, though not the one the pleader intended, the pleading is good as against a general demurrer. *Morse v. Gilman,* 16 Wis. 504; *Swift v. James,* 50 Wis. 540, 7 N. W. 656; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Francy v. Warner,* 96 Wis. 222, 227, 71 N. W. 81; *Emerson v. Nash,* 124 Wis.

369, 102 N. W. 921. Under these authorities, and many
more that might be referred to, in testing a complaint for
sufficiency the question is not whether it states the cause of
action the pleader had in mind, or states the facts essential to
a cause of action with technical accuracy and certainty, but
is, as said in the initial case, whether, giving the pleading
the benefit of every reasonable inference, it expressly or by
such inference, or both, states a good cause of action.

In harmony with the foregoing rule, if a good cause of
action is established upon a trial and all controversies in
reference to the matter are fully tried without objection and
such cause is within the jurisdiction of the court and might
have been but was not fully pleaded or was not the particular
cause of action the pleader had in mind at the outset, though
the facts are fairly stated, the complaint may be amended to
correspond with the cause proved either before or after ver-
dict, saving the substantial rights of the adverse party or, if
need be to sustain the judgment, it will, on appeal, be deemed
amended in accordance with the judgment. *Hopkins v. C.,
M. & St. P. R. Co.* 128 Wis. 403, 107 N. W. 330; *Kleimen-
hagen v. Dixon,* 122 Wis. 526, 100 N. W. 826; *McKinney v.
Jones,* 55 Wis. 39, 11 N. W. 606, 12 N. W. 381. This has
been declared so many times that it has become quite ele-
mentary. The fact is that there is little room, if any, for
mere technicalities in our system of jurisprudence. It deals
with rights and remedies for the sole purpose of the attain-
ment of justice, not for the purpose of dignifying into a con-
trolling feature any of the numerous little inconsequential
defects that may arise in the course of litigation, not sea-
sonably mentioned by the adverse party, or, if mentioned, not
affecting him substantially in any aspect of the matter. Here
all facts were stated essential to a cause of action for damages
for assault and battery. If the pleader had, in addition,
stated, defectively, a cause of action for trespass to real estate
but in a manner indicating that a cause of action of that char-
acter was in mind, the complaint would have been held good

on demurrer because of facts stated constituting the cause of
action for assault and· battery, as was the case in *Swift v.
James, supra.*

This is very unlike *Joseph Dessert L. Co. v. Wadleigh,* 103
Wis. 318, 79 N. W. 237, where the sufficiency of the proof to·
make out the cause of action which plaintiff relied on was
raised by a motion for a nonsuit and no request was made for·
leave to amend the complaint according to the proof of facts
stated therein constituting a different cause of action than the
one the pleader had in mind.

In the light of the very liberal rules for testing the suffi-
ciency of pleadings and proceedings which have been declared
in recent years and the progressive tendency to broaden the·
judicial vision as to the scope of sec. 2829, Stats. (1898),.
aforesaid, the criticism in *Joseph Dessert L. Co. v. Wadleigh,*
*supra,* would hardly be made today.   The general spirit of
the decision as regards essentiality of technical accuracy in
pleadings and necessity for a party to stand or fall, under all
circumstances, by the particular cause of action he intended
to plead, is not in strict harmony with the later-day expres-
sions and decisions.   This does not impair the decision of
that case but only softens somewhat the logic of the discus-
sion.   If there, upon the motion for a nonsuit, the complaint
had been amended in accordance with the evidence, saving·
the defendant from prejudice, if necessary, by proper terms,
the ruling might have been sustained, or had the sufficiency
of the case made by the evidence not been challenged till after;
verdict, as in this case, the variance would, doubtless, have
been regarded as nonprejudicial, if the issues underlying the
recovery were fully tried, or there was full opportunity for
the adverse party to try them.

The claim made that the damages found by the jury are
excessive has been examined without discovering any warrant
for disturbing the result.

*By the Court.*—Judgment affirmed.