BRUHEIM, Appellant, vs. STRATTON, Respondent.

*February 4—February 21, 1911.*

*Pleading: Complaint: Construction: Trespass or conversion? Surplus-
age: Amendment changing cause of action.*

1. A complaint alleged trespass by defendant upon plaintiff's land
   in Minnesota, wilful and wrongful cutting of timber thereon,
   and wrongful conversion of the same. It also alleged value of
   the timber converted, set up a Minnesota statute giving treble
   damages for a wilful trespass, and demanded judgment for the
   actual damages and also for treble damages. *Held* that, regard-
   less of the pleader's intention, a cause of action for conversion
   was sufficiently stated, and that the court should have treated
   as surplusage the allegations respecting a trespass of which it
   had no jurisdiction.
2. It was within the power of the court to allow such a complaint
   to be amended by setting out the conversion more definitely,
   even if the cause of action were thereby changed from trespass
   to conversion.
   BARNES, J., dissents.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action was brought to recover for timber cut on land
in Minnesota and for treble damages under the Minnesota
statute. The court sustained an objection to any evidence
under the complaint, and denied a motion to amend the com-
plaint by increasing the *ad damnum* clause and pleading the
common law of Minnesota as to measure of damages in ac-
tions for conversion and to withdraw allegations as to treble
damages. The court denied motion to amend for want of
power and ordered judgment dismissing the action. Judg-
ment was entered accordingly dismissing the action with
costs, from which this appeal was taken.

*Victor Linley,* for the appellant.

For the respondent there was a brief by *Luse, Powell &
Luse,* and oral argument by *C. Z. Luse.*

Kerwin, J.   The complaint in this action stated that the plaintiff was the owner of certain lands in Minnesota and that between November, 1903, and March, 1904, the defendant unlawfully and wrongfully entered upon said land and without authority wilfully and wrongfully cut standing live-timber growing thereon and wilfully and wrongfully took and carried the same away and converted the same to his own use, to the great injury and damage of the plaintiff, and further alleged the value of said timber converted, and demanded judgment for that amount and also treble said amount as damages under the Minnesota statutes.   The complaint also contains allegations setting up the statutes of Minnesota respecting wilful trespass and single and treble damages.   The defendant answered admitting that the Minnesota statutes set up in the complaint were in full force and effect in the state of Minnesota as alleged in the complaint, and denied every other allegation of the complaint.

The court below sustained an objection to any evidence under the complaint for the reason that it was a complaint in trespass upon lands in Minnesota, therefore the court had no jurisdiction of the action, and denied the application of the plaintiff to amend the complaint on the ground that it had no power or jurisdiction to allow such amendment, for the reason that, the cause of action being one in trespass, the complaint could not be amended so as to set up a cause of action for conversion of the timber cut.

We think the court below erred in both particulars.   In the first place there were sufficient allegations in the complaint to make a good cause of action in conversion, and what the idea of the pleader was when he drew the complaint was immaterial.   If the allegations were sufficient to constitute a cause of action in conversion the plaintiff was entitled to have it treated as such by the court, and the fact that the court had no jurisdiction of the action of trespass upon the land in another state rendered the allegations respecting a cause of

action in trespass merely surplusage, and, there being sufficient allegations aside from these to make the complaint one in conversion, it should have been so treated by the court. *Swift v. James,* 50 Wis. 540, 7 N. W. 656; *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862; *Morse v. Gilman,* 16 Wis. 504; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Franey v. Warner,* 96 Wis. 222, 71 N. W. 81; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921. Doubtless the complaint as originally drawn would have been subject to a motion to make more definite and certain or to strike out the surplus allegations, but no such motion was made and defendant answered on the merits. *Hagenah v. Geffert,* 73 Wis. 636, 41 N. W. 967; *Phillips v. Carver,* 99 Wis. 561, 75 N. W. 432.

Respondent relies upon *Joseph Dessert L. Co. v. Wadleigh,* 103 Wis. 318, 79 N. W. 237. It will be observed, however, that was an action brought for trespass upon land in Wisconsin, which action the court had jurisdiction of. Moreover the strict rule laid down there has not been followed by this court. In *Bieri v. Fonger, supra,* the court said (page 155):

"In the light of the very liberal rules for testing the sufficiency of pleadings and proceedings which have been declared in recent years and the progressive tendency to broaden the judicial vision as to the scope of sec. 2829, Stats. (1898), aforesaid, the criticism in *Joseph Dessert L. Co. v. Wadleigh, supra,* would hardly be made today. The general spirit of the decision as regards essentiality of technical accuracy in pleadings and necessity for a party to stand or fall, under all circumstances, by the particular cause of action he intended to plead, is not in strict harmony with the later-day expressions and decisions."

It was also within the power of the court to allow the amendment which plaintiff asked, setting out the conversion more definitely. The cause of action set up in the complaint was a tort action, whether for trespass or conversion, and the power of the court to change from a cause of action in tres-

pass to one in conversion, we think is clear. It follows that the court erred in sustaining the objection to any evidence under the complaint and also in refusing the amendment.

*By the Court.*—The judgment below is reversed, and the cause remanded for further proceedings according to law.

BARNES, J. (*dissenting*). The main purpose of a complaint in an action is to advise the defendant of the nature of the cause of action against him. In an action for trespass for cutting timber, where the trespasser reduces the logs to possession and converts the same to his own use, it is entirely appropriate to allege in a complaint in an action brought to recover damages for the trespass that the trespasser has so converted the timber, because under the statute (sec. 4269, Stats. 1898) the plaintiff is entitled to recover the highest market value of the timber cut while in the possession of the trespasser. These allegations relating to conversion which form the basis for the enhanced damages which plaintiff expects to recover might in themselves set forth sufficient facts to constitute a cause of action for conversion. But in an action for conversion the allegations of wrongful entry and of wrongful cutting are entirely inappropriate. A defendant is entitled to know whether he is being charged with a trespass on real estate or with a conversion of personal property. The complaint in the action before us could not be made the subject of a motion to make it more definite and certain or to compel the plaintiff to elect as to which of two causes of action he would rely upon, because it contained the necessary averments to constitute a cause of action in trespass with no unnecessary or redundant allegations in reference to such a cause. The original complaint, the first amended complaint, and the proposed amendments to the first amended complaint, all clearly stated a cause of action in trespass. The pleader intended to set forth such a cause, not only because a cause of action in trespass was stated, but because plaintiff claimed

the benefit of a statute and of decisions of Minnesota applicable to actions for trespass for cutting timber, by which his damages were enhanced largely beyond the actual injury sustained.    The complaint is precisely such a complaint as this court held, in *Joseph Dessert L. Co. v. Wadleigh,* 103 Wis. 318, 79 N. W. 237, stated a cause of action in trespass and did not state a cause of action for conversion, and it is just such a complaint as the court again held, in *Grunert v. Brown,* 119 Wis. 126, 95 N. W. 959, stated a cause of action in trespass and did not state a cause of action for conversion. Some of the discussion in the *Dessert L. Co. Case* was not approved in *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862, but the court expressly stated that the criticism indulged in did "not impair the decision of that case but only softens somewhat the logic of the discussion."    See, further, *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63.    So we have at least three comparatively late cases decided in this court passing upon the precise point involved which expressly sustain the view adopted by the trial judge and none to the contrary.    It has been suggested that because our courts could not grant relief for a trespass committed on lands in the state of Minnesota the complaint should have been construed as intending to state a cause of action in conversion.    This argument is no more persuasive than a like argument was in *Grunert v. Brown, supra,* where the plaintiff was remediless in trespass because the right of action was barred by the statute of limitations, whereas the statute had not run on a cause of action for conversion, if one were stated.

The trial court exercised its discretion to refuse to permit an amendment on the trial changing the cause of action from trespass to conversion.    At the time the amendment was sought to be made, it appeared from the face of the proposed amended complaint that the cause of action for conversion was barred by the statute of limitations, although such was not the case when the summons was served in the trespass

action. Under these circumstances, under the decisions of this court, it would have been error to permit the amendment. *Meinshausen v. A. Gettelman B. Co.* 133 Wis. 95, 113 N. W. 408; *O'Connor v. C. & N. W. R. Co.* 92 Wis. 612, 66 N. W. 795. If this were not so, it would have been an abuse of discretion to deny the amendment. *Miller v. Kenosha E. R. Co.* 135 Wis. 68, 115 N. W. 355, and cases cited. Sec. 2830, Stats. (1898), permits an amendment only where it does not "change substantially the claim" of a party. As I understand the record, the trial court did not hold that it was without power to grant the amendment. It held that its jurisdiction should not be exercised under the facts before it.

VINJE, J., took no part.