CRAM & *al.* *versus* THISSELL & *al.*

Property may be wrongfully converted by two or more persons jointly, although the acts of one may have followed the acts of the others at successive periods of time, in producing the result.

Thus, where one unlawfully put his mark upon saw-logs, not belonging to himself, for the purpose of aiding another person to appropriate them wrongfully, and such other person, knowing that purpose, accordingly at a subsequent period took and used them, the conversion was *held* to be a joint one.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

TROVER for saw-logs.

The material facts appeared to be as follows : —

Shaw, one of the defendants, obtained a permit to cut logs on a specified tract of land. He procured the other defendants, Thissell, Emery & Co., to furnish supplies for his lumbering operation, assigning to them the permit for their security.

The plaintiffs, having authority to cut logs upon an adjoining lot, entered, through a mistake of the lines, into the tract permitted to Shaw, and there cut and hauled the logs in controversy. The mistake being discovered, Shaw told the plaintiffs that if they would suspend their operations upon his tract, they might retain the logs as their own ; and the plaintiffs suspended accordingly. A short time after that arrangement was made, Shaw put his own mark upon the logs, claiming them as his own, because cut upon the tract permitted to him. " These were the only acts relied upon to prove a conversion *by him.*"

A few weeks after that marking of the logs, the other defendants drove and manufactured them. This is the only evidence of conversion " *by them.*"

The defendants contended that the evidence did not show a joint conversion by them all. Some request was made by the defendants for instruction on that point, which was refused. But no exception was taken to that refusal.

The Judge instructed the jury that, in order to recover against all the defendants, there must have been a joint conversion ; and that if Shaw put his mark upon the logs for the

purpose of having them driven by the other defendants, as logs cut by himself, and if the other defendants drove them, understanding that they were so marked for that purpose, there was a joint conversion. To that *instruction*, the defendants excepted.

*Cutting*, for the defendants.

1. There was not only no joint conversion, but no conversion by *either* of the defendants.

Shaw's marking the logs was no conversion by him. For the plaintiffs were trespassers on land permitted to him. His promise that, if they would trespass no more, they might have the logs, was without consideration and of no effect. And yet that promise is the only foundation for the plaintiffs' claim to the logs. That claim failing, Shaw's title to the logs was perfect, and he committed no conversion.

2. The other defendants, having previously become assignees of the permit, could not be affected by Shaw's agreement with the plaintiffs. He had no authority to transfer any portion of the lumber; for if he might alienate a part, he might the whole, and thus defeat the security of those who had furnished his supplies.

Whatever, then, may be the effect of Shaw's promise as to himself, it could not bind them.

In connection with the evidence in the case, the instruction was wholly uncalled for and out of place.

The evidence as to the conversion, (and upon that point it is all reported,) no where discloses a single fact from which any inference could be drawn as to any *understanding* between Shaw and the other defendants.

There is *no evidence*, that either knew of the *acts* of the other.

There is *no evidence*, that Thissell, Emery & Co. ever knew of the plaintiffs' trespass; how then could they have any " understanding" as to Shaw's marking of logs which they knew nothing about; never knew that plaintiffs cut the logs.

They only had an understanding as disclosed by the testimony, that as assignees of the permit, they had a lien and

right to the possession of all logs cut on the permitted premises, and marked with Shaw's mark, which right only they exercised.

Weeks intervened between the acts of the one and the others.

Why then should the Judge, under these circumstances, institúte an inquiry, and put the jury upon scent of inferences?

*M. L. Appleton,* for the plaintiffs.

WELLS, J. — It is contended in argument, that the plaintiffs had no title to the logs, for the conversion of which damages are claimed. But that objection is not made in the exceptions. It appears by them, that the counsel for the defendants contended, that the evidence did not disclose a joint conversion by all the defendants, and "requested the Court to instruct the jury, that in order to make the defendants guilty of a joint conversion, their acts must have been cotemporaneous." The Court instructed the jury, that there must be a joint conversion, and in substance, that the acts of the defendants for the purpose of effecting a conversion need not be cotemporaneous.

All persons, who direct or assist in committing a trespass or the conversion of personal property, acting in concert, are liable jointly. Their acts and purposes may all tend to the same result, though they take place at different periods. Their acts may follow each other at intervals of time, but in the end produce the injury contemplated. The putting of marks upon the logs for the purpose of aiding the other defendants in their conversion, would render Shaw jointly liable with the other defendants, who caused them to be driven and manufactured. And there does not appear to be any error in the instructions.

It is contended, that there was not sufficient evidence from which the jury could infer a joint conversion. But that question cannot be considered upon the exceptions, but only upon a motion for a new trial. *Exceptions overruled.*

SHEPLEY, C. J. and RICE, J. concurred.

HATHAWAY, J. *debutante.*