C. A. SMITH TIMBER CO. et al. v. AULD et al.

(Circuit Court of Appeals, Eighth Circuit. November 25, 1914.)

No. 4117.

1. COURTS (§ 406*)—CIRCUIT COURT OF APPEALS—REVIEW—QUESTIONS OF FACT.
    The Circuit Court of Appeals must take the disputed facts as found by the jury on substantial evidence.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

2. TRESPASS (§ 31*)—CUTTING AND REMOVING TIMBER—LIABILITY.
    The P. Company, having a contract to furnish a timber company a large quantity of logs, contracted with S. for a part of them. S. wrongfully cut timber from plaintiffs' land, drove the logs part of the way down a stream and delivered them to the P. Company, which also drove them a part of the way and delivered them to the timber company, which drove them to its mills. S. knew that he was a trespasser, and the P. Company and the timber company had notice before the logs were moved. Both S. and the P. Company knew the destination of the logs. *Held* that, though their acts of dominion over the logs were successive, instead of contemporaneous, all of the parties were jointly responsible for the trespass, and could be jointly sued by plaintiff.
    [Ed. Note.—For other cases, see Trespass, Cent. Dig. § 70; Dec. Dig. § 31.*]

3. COMPROMISE AND SETTLEMENT (§ 20*)—NONPERFORMANCE OF ATTEMPTED SETTLEMENT—EFFECT.
    Where, after defendant wrongfully cut logs on plaintiffs' land, negotiations for a compromise ensued, but defendant never performed as agreed, there was no sale of the logs to him, preventing a recovery for the trespass and conversion, since, to be effective, a compromise must be followed by a settlement or performance of the terms, and an accord must be followed by a satisfaction.
    [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 83–88; Dec. Dig. § 20.*]

4. TRESPASS (§ 52*)—MEASURE OF DAMAGES—PLACE FOR FIXING VALUE.
    Where one of the defendants willfully cut logs on plaintiffs' land for the other defendants, and the other defendants, with notice, received the logs and drove them down a stream to the mills of one of them, plaintiffs were entitled to recover the value of the logs at the mills, as in case of intentional trespass and conversion the owner may pursue and reclaim his property wherever he can find and identify it, and as against those who are guilty he can fix the time and place for asserting his remedy for the property itself or its value, and those participating in the conversion, with notice, subject themselves to the same measure of damages, at least while the property retains its original character.
    [Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. § 52.*]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Action by Harry M. Auld and another against the C. A. Smith Timber Company and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Burt F. Lum, of Minneapolis, Minn. (John R. Van Derlip, of Minneapolis, Minn., on the brief), for plaintiffs in error.

R. J. Powell, of Minneapolis, Minn. (Powell & Simpson and Ernest C. Carman, all of Minneapolis, Minn., on the brief), for defendants in error.

Before HOOK and CARLAND, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. The Aulds recovered judgment against the defendants C. A. Smith Timber Company, Potter-Casey Company, and George Sands for the value of logs wrongfully cut from their land in Cass county, Minn., and driven down the Willow and Mississippi rivers to Minneapolis, in that state. The defendants say: (1) They acted independently of each other, and there was no joint liability, even if there was a conversion of the logs; (2) the plaintiffs made a completed sale of the logs to Sands shortly after the trespass and before they were driven; (3) there was an accord and satisfaction; (4) the measure of damages applied was wrong.

[1, 2] The arguments on these points are in part arguments against the verdict of the jury on conflicting evidence. The trial court submitted to the jury the determination of the disputed questions of fact and instructed them upon the rules of law applicable to the several contentions. The jury found for the plaintiffs, and in each case there was substantial evidence supporting their conclusion. We must therefore take the facts against the defendants. The Potter-Casey Company, having a contract to furnish the Timber Company a large quantity of logs, in turn contracted with Sands for part of them. Sands wrongfully cut timber from plaintiffs' land, banked the logs on the Willow river, an upper tributary of the Mississippi, and when the ice went out in the spring drove them to the mouth of the Willow river and delivered them to the Potter-Casey Company. The Potter-Casey Company drove them down the Mississippi river to and over the Brainard dam, and the Timber Company received them below the dam and had them driven to its mills at Minneapolis. When the logs were cut by Sands, the brands and marks of the Timber Company were placed on them. The Timber Company had a representative in the woods, not to determine where the logs should be cut, but to see that the dimensions and markings were as required by its contract with the Potter-Casey Company. When the logs started down the Willow river, they moved progressively after the fashion of log-driving to Minneapolis, which both Sands and the Potter-Casey Company knew from the outset was their destination. In other words, there was no new transaction between the parties, or with others, which broke the continuity of transportation. Sands knew he was a trespasser, and had no right to cut the timber from plaintiffs' land, and both the Potter-Casey Company and the Timber Company had notice of it before the logs were moved in the Willow river. In

these circumstances the plaintiffs had a right to sue all of them jointly. All knew or had notice of the initial trespass and the destination of the logs, and all took part in their movement. That their acts of dominion were successive, instead of contemporaneous, does not destroy their joint responsibility. Smith v. Briggs, 64 Wis. 497, 25 N. W. 558; Mashburn & Co. v. Dannenburg Co., 117 Ga. 567, 44 S. E. 97; Cram v. Thissell, 35 Me. 86.

[3] Upon being notified of Sands' trespass, one of the plaintiffs went to Minnesota and found the logs cut from their land lying on the ice and along the bank of the Willow river. Negotiations for a compromise ensued between him and Sands. Defendants claim they amounted to a sale of the logs to Sands, whether he gave the consideration or not. The jury found, and we think rightly, that there was no sale, but an attempt at compromise. To be effective, a compromise must be followed by settlement or performance of the terms. Defendants argue that, if there was no sale of the logs, there was an accord and satisfaction; but, similarly to a compromise, an accord must be followed by a satisfaction. Shubert v. Rosenberger, 123 C. C. A. 256, 259, 204 Fed. 934, 45 L. R. A. (N. S.) 1062. One of the disputed questions of fact was whether Sands performed as agreed, and the jury found by its verdict that he did not.

[4] It was shown that the logs cut from plaintiffs' land were driven to the mill of the Timber Company at Minneapolis. Defendants were held for their value at that place. The charge of the trial court correctly set forth the measure of damages, if the jury believed Sands' trespass and conversion were due to mistake or inadvertence; also the measure, conformably to the rule in Woodenware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230, if Sands acted willfully, but the other defendants had no notice; and, finally, the rule if he acted willfully, and they had notice before the logs were driven. As already indicated, the jury found Sands' conduct was willful. If the other defendants had acted without notice, their liability would have been the value of the logs at the time they received them respectively; but, having been notified, as the verdict implies, they were not entitled to that limitation of their liability. In case of intentional trespass and conversion, the owner may pursue and reclaim his property wherever he can find and identify it (Liberty Bell Gold Mining Co. v. Mining Co., 122 C. C. A. 113, 125, 203 Fed. 795), and as against those who are guilty he can fix the time and place for asserting his remedy for the property itself or its value (E. G. Beechwood Ice Co. v. American Ice Co. [C. C.] 176 Fed. 435). Those who with notice participate in the conversion or removal subject themselves to the same measure of damages, at least while the property retains its original character. Defendants also claim that plaintiffs were estopped from maintaining the action, but we find nothing on which an estoppel could rest.

The judgment is affirmed.